to William Penn, the second, and Mrs. Aubrey. This, therefore, forms no objection to the plaintiff's title.

Jury found a verdict for defendant.

[In Case No. 6,940 a motion for a continuance on the ground of improper publication was denied.]

HURST (MORRIS v.). See Case No. 9,832.

## Case No. 6,937.

### HURST v. RODNEY.

[1 Wash. C. C. 375.] [1]

Circuit Court, D. Pennsylvania. April Term, 1806.

#### COVENANTS RUNNING WITH THE LAND.

What will be considered a covenant, running with the land, and binding on the party in possession; although such party has not executed the deed, conveying the same to him.

[Cited in Mohler's Appeal, 8 Pa. St. 27; Crawford v. Witherbee, 77 Wis. 429, 46 N. W. 547.]

This was an action of covenant, brought against defendant for many years ground rent, due upon a lot of ground, conveyed by plaintiff to one Perkins, in fee, and by him conveyed by indenture to the defendant, subject to the ground rent. The declaration states these deeds, and the entry of defendant, and the non-payment of rents, due since her possession under the deed to her. The deed to the defendant, not being executed by the defendant; her counsel contended, that it was not her deed, and that she could not be sued on it.

BY THE COURT. The defendant is bound by the covenant to pay the rent, in the first deed to Perkins, which runs with the land, so long as it is retained by the defendant. Verdict for plaintiff.

[In Case No. 6,938 a rule to set aside an execution upon this judgment was heard.]

## Case No. 6,938.

### HURST v. RODNEY.

[2 Wash. C. C. 49.] [1]

Circuit Court, D. Pennsylvania. April Term, 1807.

#### EXECUTION AGAINST REAL ESTATE—NOTICE OF SALE.

Quere, whether under the act of the assembly of Pennsylvania of 1705, relative to the sale of lands taken in execution, personal notice of the time and place of the sale should not be given by the sheriff.

This was a rule to show cause why an execution issued against the defendant by the plaintiff [upon a judgment upon a verdict obtained in Case No. 6,937], and levied on

the defendant's land, which had been sold; should not be set aside. The ground of the motion was, that the defendant had not received personal notice of the time and place of sale; and it was founded on an act of the assembly of Pennsylvania, passed in 1705, c. 153, § 4; which directs, that before any sale of land taken in execution shall be made, the officer shall cause so many writings to be made as the debtor shall reasonably require, or so many without such request, as may be sufficient to give notice of such sales, and of the day and hour when, and place where the same shall be, and what lands are to be sold, which notice shall be given to the defendant; and the said papers shall be fixed up by the officer in the most public places of the county, ten days before the sale. The plaintiff showed cause, that the time and place of sale had been duly advertised in the public papers; and it was agreed, by the bar, that this had always been the practice, and that personal notice had been seldom given, and it was not deemed necessary.

THE COURT observed that the words of the law were very strong indeed, and seemed to require personal notice; but that if evidence of notice could be brought home to the defendant in any way, as that he had seen the paper in which it was advertised, or that he took that paper, it might be sufficient; or even an acquiescence under the sale, if known to the defendant, might do. But as the uniform practice was stated to be in conformity with the course pursued in this case, it might be an important consideration, whether it ought now to be disturbed.

Before THE COURT gave any final opinion, the parties consented to setting aside the sale; both being dissatisfied with it. The purchaser of the property having also agreed to it.

## Case No. 6,939.

### HURST v. TEFT.

[12 Blatchf. 217; [1] 13 N. B. R. 108.]

Circuit Court, N. D. New York. June 16, 1874.

#### BANKRUPTCY—PRACTICE UPON REVIEW.

1. The approved practice in this circuit is, to review in the circuit court by petition, and not by bill, an order made by the district court, in bankruptcy, in the exercise of the summary jurisdiction of the district court.

2. The circuit court has, however, jurisdiction to review such an order, on a bill filed in the circuit court, in a plenary suit, for the purpose, in the absence of any rule of the circuit court to the contrary. But a review in such manner is not favored.

3. G. proceeded by summary petition, in the district court, against the assignee of H., a bankrupt, to have appropriated to the payment of a claim, property in the hands of the assignee

---

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]