HAMILTON and others *against* WILSON.

THIS was an action of *covenant* brought by the plaintiffs, as *heirs* at law of *James Hamilton*, deceased, against the defendants. The declaration set forth a deed for certain lands in the military tract, made and executed by the defendant to *James Hamilton*, in his life-time, bearing date the 7th *September*, 1791. The deed was in the usual form, containing the covenant of seisin, &c. The plaintiffs alleged that the defendant, at the time of the delivery of the deed, was not seised, &c. and that he had not kept his covenant, &c. Plea, the general issue.

A motion was now made in arrest of judgment, because the covenant of seisin in which the breach is assigned was broken, if at all, as soon as it was made, and did not descend with the land to the plaintiffs, and that no action can be maintained by the heirs of the grantee, but the action must be brought by his personal representatives. (2 *Johns. Rep.* 1. *Greenby* v. *Kellogg* & *Willcocks*.)

The cause was submitted to the court without argument.

VAN NESS, J. delivered the opinion of the court. The breach assigned in this declaration is, that the defendant was not seised. The covenant, therefore, was broken, the moment the deed was executed; and the ancestor had a perfect right of action for damages in his life-time. The question then is, whether, upon his death, this right of action descended to his heirs, or to his personal representatives?

The covenant here was not connected with the estate, because, as no estate passed by the deed to the ancestor, none descended to his heirs. Real covenants, such as run with the land only, go to the heir. The right of the ancestor was a mere right of action for a breach of the covenant in his life-time, which, upon his death, belonged exclusively to his personal representatives, and the damages recover-

ed in such cases are assets in their hands. This is so laid down by Justice *Doderidge.* (*Off. of Ex.* 65.) He says, " as to covenants touching inheritances, viz. the assurance of lands, or enjoying thereof, free of incumbrances, or the like, if the covenant be broken in the testator's life-time, I think clearly the action has accrued to the executor, for that his testator was to recover damages in the action of covenant for that breach, and being entitled to these damages as principal, and not any accessary thing in that action, the law hath cast that action upon the executor." Baron *Comyns* and *Buller* lay down the same rule for law. (*Com. Dig.* tit. *Adm'r*, B. 13. *Bull. N. P.* 158.) The case of *Lucy* v. *Levington*, (1 *Vent.* 175, 176. S. C. 2 *Lev.* 26.) is a leading authority on this question. That was an action by the executor upon a covenant for quiet enjoyment, made with the covenantee, his heirs and assigns, and the breach assigned was, that the plaintiff's testator was evicted in his life-time. *Ventris* says, " it was agreed by all the justices, that though the covenant was made only to *I. S.* his heirs and assigns, and though it was an estate of *inheritance;* yet, the breach being *in the life-time of the testator,* the executor had well brought the action for the damages." *Levinz,* however, gives the decision of the court, and the reasons upon which it was founded, more at large. " It was resolved by the court, that the eviction being to the testator, *he cannot have an heir or assignee* of this land ; and so the damages belong to the executors, though not named in the covenants, for they represent the person of the testator." That the true reason is here given why the damages belonged to the executors, is evident from this consideration ; the testator having been evicted in his life-time, on account of the failure of the title which he derived from the deed, there was no land at his death, to which the covenant could attach, and, therefore, the covenant could not descend to the heir. It is, perhaps, difficult to reconcile this principle with the precedent which is to be found in

*Coke's Entries*, 111. That appears to have been a suit by *Barker*, the son and heir, &c. against *Wiseman*, upon the covenant of seisin, by the defendant to the plaintiff's ancestor, his heirs and assigns. The plaintiff had judgment, but it does not appear that the question whether the heir could maintain the suit, was raised. The eviction is stated to have been of the heir, after the death of the ancestor, who entered in his life-time, and died seised, and the breach is alleged to have been to the heir, and that was the ground of action for the damages. Possibly there may have been some special circumstances to take that case out of the general rule, which do not appear upon the record. Some *dicta* may be found, which, at first view, would seem to support this action; but when critically examined, and on looking at the cases referred to in support of them, it will be found that the heir cannot, in any case, maintain an action on a covenant made with his ancestor, for the breach of which the ancestor had, in his life-time, a perfect right to prosecute.

The court are, therefore, of opinion, that the judgment ought to be arrested.

Judgment arrested.