The opinion of the Court was delivered by
Cheves, J.
The grounds of the motion run into each other; but taken 'together, they present the whole case which arises from the pleadings.
The questions are,
1. Can he support this action against the personal representatives of the covenantor ?
_ The objections to the right of the plaintiff, to have the benefit of this covenant, are several.
First, it is said there is no privity between him, as the assignee of the covenantee, and the covenantor. That none but privies (who include only heirs and executors,) were, at the common law, entitled to the benefit of a covenant; and that according to this rule, the plaintiff, as an assignee, was excluded.
That the cases in the English books, in which the assignee has maintained this action, are under the Stat. of 32 Hen. 8, c. 34, which is not of force in this State.
This impression, it may be presumed, has generally prevailed, for the present action is a perfect stranger in our Courts. None of the Court recollect another case. The authorities in the English books are not calculated to make the question plain. They do not express the doctrine clearly; and so generally fail to discriminate, with confidence and exactness, between the common law and the effect of the statute of 32 Hen. 8, c. 34, that it is difficult to apply them to a question, which, with us, has almost grown obsolete. None of them, however, I think, go so far as to say, that in no case could an action be sustained at common law, by an assignee of a covenant running with the land. The terms of the statute are limited ; they are only intended to benefit the assignee of the reversion, and appear to apply only to leasehold estates. It would then seem, that if decisions are to be found, and they are numerous, which come within neither of *these cases, they must be authorized by the common law, and may be maintained in this State; though the statute 32 Hen. 8, c. 34, be not of force. In Middlemore v. Goodale, Cro. Car. 503, which was on a covenant for further assurance, “ all the Court agreed, that the covenant goes with the land; and that the assignee at the common law, or at leastwise by the statute, shall have the benefit thereof.” Bacon, 2 vol. 74, Tit. Cov. Gwillim’s Edit., relying on the case of Middlemore v. Goodale, says, “ If A. seized of land in fee, conveyed it, by deed indented to B., and covenants with B., his heirs and assigns, to make any other assurance upon request, for the better settlement of the land, &c., and after, B. conveys it to C., who conveys it to D., and after, D. requires A. to make another assurance, according to the covenant, and he refuses, D. shall have an action of covenant against A. in this case, by the common law, as assignee of B.” In Lewis v. Ridge, Cro. Eliz., 863, where the case was, “ The' defendant *64 being seized of land in fee, let it for life, remainder for life, rendering rent. He afterwards acknowledged a statute, and after that, bargained and sold the reversion, and covenanted with the bargainee, his heirs and assigns, that it should be discharged within two years, of all statutes, charges and incumbrances, excepting the estates for life. The statute is extended, and thereupon this reversion and rent were extended. The bargainee grants this reversion to the plaintiff, who, for not discharging of this statute, brings covenant.” The question principally moved, was, whether the plaintiff, as assignee, shall have the benefit of this covenant made to the bargainee by the common law, or by the 32 Hen. 8, c. 34. “ And the Court held clearly, that the 32 Hen. 8, c. 34, doth not extend to covenants upon estates in fee, or in tail, but only upon estates for life or years.” Yet it was not denied, that the action was maintainable, had the facts of the case been such as to support it; and, therefore, maintainable at the common law. Yide, also, 4 Reeves’ English Law, 234, 235.
In Co. Litt. 384, sec. 133, *note(w), it is said, “It hath been adjudged, 42 Ed. 3, before the stat. 32 Hen. 8, c. 34, that where two coparceners made partition of land, and the one made a covenant with the other to acquit her and her heirs of a suit that issued out of the land the covenantee aliened. In that case the assignee shall have an action of covenant; and yet he was a stranger to the covenant, because the acquittal did run with the land.” This seems almost precisely the case before us, and authorizes me to say, that where the covenant runs with the land, the assignee of the fee may have the benefit of the covenant against incumbrances, in a case like the present.
The assignee, under a sheriff’s sale, is the assignee of the original party, as much so as if the latter had assigned to him directly. 1 Esp. N. P., 150, 2 pt. Gould’s Ed.
2. But although this covenant be such as runs with the land, of which there can be no doubt, (4 Cruise, 68, 11, 80,) it may be said the covenant was broken at the moment Mr. M‘Grady conveyed to Snowden, as the incumbrance then existed; and that the breach of this covenant was a chose in action which did not pass with the land, and was not assignable. Lewis v. Ridge, Cro. Eliz., 863. Greenby & Kellogg v. Wilcocks, 2 John. Rep., 4. Hamilton v. Wilson, 4 John. Rep., 72. Bickford v. Page, 2 Mass. Rep., 459.
The case of Lewis v. Ridge, Cro. Eliz., 863, was like the present ease; the case of an incumbrance on the fee: but there the land was actually extended before the assignment, “and so a thing in action;” but here there was only a liability, and the breach was in the legal demand and recovery of dower, which were subsequent to the plaintiff’s title. In the cases from Johnson and Massachusetts Reports, there was a total defect of title, and therefore, as the land did not pass, the covenant could not pass with it. But in this case, the title was not defective, though it was incumbered.
3. The third objection is that which has just been alluded to, and answered, in taking notice of the last *cited cases, and requires no further observations. Here the land did pass, and the covenants with it, to the plaintiff. The plaintiff then is entitled to the benefit of this covenant, and may bring an action as assignee.
4. It is however said, that the action cannot be maintained against the *65 personal representatives, the executors of the covenantor; but this objection is altogether untenable. Where the contracting party is dead, “ covenant lies against the executors, in every case, though they be not named; unless it be a covenant to be performed by the testator, in person.” 1 Chitty on Pleadings, 37; Browning v. Wright, et al., Ex’ors of Wright, 2 Bos. and Pul., 13. I am therefore of opinion, that the motion must be refused, and a majority of my brethren concur in this opinion. But the defendants are at liberty, if they see fit, to withdraw their demurrer and plead de novo, on payment of costs.[1]
Bichardson, Attorney-General, for the motion. Prioleau, contra.
Gantt and Johnson, JJ., concurred.

 Also Jeter v. Glean, 9 Rich. 376, and cases there cited.