Ford, J.
William Chapman declares, that William Holmes bargained and sold, in his life time, certain lands to one Charles Jones, his heirs and assigns, and covenanted for himself, his heirs, executors and administrators, that he was, at the time of making said deed, the true and lawful owner of the lands ; that he had full power and lawful authority to convey the same in fee simple 5 freely and clearly exonerated and dischaged from all encumbrances; and that he would, for himself and his heirs, forever warrant and defend the said lands unto the said Charles Jones, his heirs and assigns, against all persons lawfully claiming or to claim the same. William Chapman then shews, that Charles Jones bargained, sold and assigned the same lands to him, whereby he became assignee thereof; and as assignee, he assigns the following breaches; First. That William Holmes, was not the lawful owner of the land at the time he made the *29 ¿aid deed to Charles Jones ; Second. That he had no lawful power or authoiity to convey lhe same in fee simple; Third, Her to convey free of incumbrances ; Fourth. And that he did not warrant or defend him, the assignee, in peaceable possession of said lands; and he shews that Anna and Robert Johnson had, at the time Holmes made the said deed, lawful right and title to the said lands, and by virtue thereof evicted him, the assignee, by slue process of law, and against bis will; by reason whereof, &c. To the declaration and breaches so assigned, the defendants put in a special demurrer, and it will be proper to consider them In their order.
1. The covenant, that William Holmes Is true and lawful owner, is in the present tense, and was broken ; if he was not such, the moment bo made the deed. It is so laid down in Ship. Touch. 170. “ If one seized of land doth alien it, and covenant that he is lawfully seized, when in truth he is not, hut some other hath an estate in it before, in this case the covenant is broken, as soon as it is made.” In Bradshaw’s case, 9 Rep 60, the breach is laid on the very day of making the covenant. In Lot v. Thomas, Pennington, J. calls it a present act, and if the covenants hath not tide, or if not seized, the covenant is broken as soon as made. See also 4 Johns. 72. It is undeniable that this covenant was broken, therefore, in the time of Charles Jones, and that he might have sued for these damages. The right to them was clearly vested in him. Now nothing is settled with greater clearness than that a right to sue for damages is not assignable. If it were so, a man might transfer his right to sue for damages in slander, trespass, or assault and battery. It is a chose or thing in action, the assignment of which was maintenance, Mid dearly prohibited at the common law. For this reason a bond could not be assigned, so that the assignee could have an action in his own name, without the all powerful aid of an act of the legislature. It is equally so in covenant. In Bac. Ab. Covenant, E. 5. note a, it is kid down thus, “ An assignee cannot sae upon a breach of covenant that happened before his time /” In Lewes v. Ridge, Cro. Eliz. 883, the whole court resolved that the covenaut being biokon before the plaintiff’s time, it was a chose in action that could not be transferred over, and judgment was given against him. it is so laid down in Com. Dig. Covenant B, 3. (e Se comiunt does not lio for an assignee upon *30 a breach done before his time.” These authorities, beéide others, which if necessary, might be cited, shew that William Chapman the assignee cannot maintain an action for breaches that hap pened before bis time.
The Second breach is also upon a covenant in the present, tense, that he (Holmes) had good right to the lands at the time he ikade the deed. If he had not, the covenant was broken, and be might have been sued on it the day it was made. The same is true of the third convenant, that there were no incum» bran.ces on the land at the time he sold it; beside which there is a fatal objection to the third breach that no incumbrances are set out. Com. Dig. Pleader C. 48, 49. Cro. Eliz. 914. 9 Mass. 433. Marston v. Hobbs.
The fourth and last covenant is different in character from all'the foregoing ; it is, that William Holmes for himself and his heirs, will warrant and defend the land to Charles Jones,, his heirs and assigns forever. It is one that must necessarily have continuance and run with the land, as it is to do something in future. An assignee in whose time it is broken, by eviction, may . undoubtedly have the benefit of it. Indeed, the defendants do not deny but he may; but being the ancient warranty, they contend that, he can have that benefit only in the ancient way, by voucher, warrantia chartee or rebutter ; that there is no other way; and that a personal action of covenant, like the present, will not fie upon it.
To support tfieir position, they refer to Co. Lit sec. 697, where Lord Coke says,' “ that warrantia is a covenant rea! annexed to’ lands and tenements, whereby a man and his heirs are bound to warrant the same, and either upon voucher, -or judgment in e, writ of warrantia chartee, to yield other lands and tenements to the value of those that shall be evicted by a former title, or else may be used by way of rebutter.” This passage shews that the remedies there mentioned might be had, but it by ño means proves that an action of covenant would not likewise lie. We a.re likewise referred to section 734, as one in which he declares that there is a diversity between a warrantia that is a covenant real, which bindeth the party to yield lands or tenements in recompense, and a covenant annexed to the land which is to yield \ut damagesNow it is true, that every covenant real did not bind to yield lands in recompense, for some bound only to yield *31 damages ; he does not say the funner bound 10 yield lands only, Wv a e referred also to Bac. Ab. Covenant C. where the author say-, li It seems by the better opinion that upon the eviction of a freehold, no action of covenant will lie on a warranty, for the party might have had his warrantia charla or voucher.” Now this shews that there were respectable opinions both ways. The defendant’::! counsel confidently asserts, that there is no case of eviction of freehold to be found in the English books, where an. action of covenant has been sustained on a warranty. Suppose this assertion to be true, it may only prove that the tenant, in ancient times liked the ancient remedies best. And it is not in tbs least surprising that he did so. Voucher, gave him the invaluable power, when a writ was brought against him for the Sami to stay the suit until his warrantor came in to defend it; or if he failed and judgment passed against the tenant, he (the tenant) got pidgment m the same suit to recover over lands of equal ■value against the warrantor. There was no trouble of a cross action. The judgments against him and the judgment in his favor were simultaneous. The same day that he lost one farm he got another as good, or the fair value of it. But the warrantia charter; afforded sail greater advantages. Instead of waiting till foreseen trouble arrived he might anticipate it, before eviction, by suing out this writ, which bound all the lands of the warrantor and his heirs, from the time it was sued out. Shep. Touch. 184. Now if the tenant always preferred the better remedy, can it be inferred that there was no poorer one at his option ? If, upon a judgment to recover other lands, it appeared that the warrantor had no other, it, is not clear that the tenant, under the same judgment, could not recover the value, in damages. The ulterior proceedings on a judgment, to recover over, are not at this day familiar. The tenant recovered land as good in quality and quantity, or failing in that, recovered in value. In 3 Bl. Com. 300, the author^ who is very accurate, says “ that the tenant may bring a warrantia chartce to compel him to assist him with a good plea or dcieuae, or else to render (damages and) the value of the land.” Since the ancient remedies became obsolete it is in vain to tell a tenant he can have them, for he cannot; why therefore should ho not recover the value in an action of covenant? if ho cannot; and if the ancient remedie* are now gone, how passing strange it will be that hers is a solemn covenanted, *32 right but no remedy ! The ancient clause of warranty does, not contain, to be sure, the identical word “ covenant;” but any form of words amounts to it which shews the parties concurrence to the performance of a future act. Bac. Ab. Covenant A. Lord Coke expressly calls warrantie a covenant. Aud wherever there exists one, the ' law has provided a remedy by action of covenant. Bac. Ab. tit. Covenant. In Marston v. Hobbs, 2 Mass, 433, Chief Justice Parsons says, “ At common law, the tenant after he had lost his land, might bring a personal action of covenant, on the covenant to warrant and defend, and recover a satisfaction in damages.” The theory and principles of law appear to me very fully to warrant this opinion. Ri modern conveyancing the covenant for quiet enjoyment may be as good ; but still this is a covenant, and when broken, there is no reason why an action of covenant should not lie upon it.
But there is another objection, that though William Holmes is bound, to this warranty, himself and heirs, he did not bind ■ his executors by name, and therefore the action does not lie against them. My answer to this is, that the covenantor bound himself, and the general rule is, that where he is bound by a covenant, his executors, though not named, shall b,e bound also. Bac. Ab. Covenant E. “ If a man covenant for himself onlyt for quiet enjoyment, and doth not say in the covenant, his executors, administrators, &c. yet his executors and administrators are bound,” Shep. Touchst. 178. Doug. 43. 3 Com. Dig. Cov. C, 1. Such is the general rule, and this case is not within any of the exceptions.
Another objection is, that no notice was given of the pendency of Johnson’s suit; or if given it is not averred. Now I admit that a warrantor, without being vouched, could not become a party so as to defend by a plea in his own name; but warranties charla would lie before suit, and therefore required no notice. So neither is, it requisite in a covenant. If the eviction was on elder title, by judgment at law, it is plenary evidence ; unless it was by fraud. Hamilton v. the Ex’rs. of Cutts. 4 Mass. 349. It is not necessary to maintain the action, though useful to rebut an allegatioh (if any should be made) that judgment against the tenant was obtained by his fraudulent connivance. But notice is no part of the cause of action. It would be as necessary in cove" *33 ¡aa¡it for quiet enjoyment, after an eviction by duo course of law, ns in this case ; yet it is never done. 3 Chit. 337.
On the whole, an assignee cannot maintain an action on the ■first, second or third covenants in this case, upon broaches which happened before his time, and as to them the demurrer must be .sustained ; but he may well have an action upon the general warranty, for an eviction in his own time, and upon that breach 1t!)e plaintiff must have judgment.*
Drake, J.
This is an action for breach of covenant. The covenants declared on are contained in a deed of conveyance, from William Holmes, the defendant’s testator, to one Charle» Jones, his heirs and assigns. Jones conveyed to the plaintiff | who having since been evicted from the premises, now seeks re ■ dress upon the covenants contained in the original conveyance from Holmes. The executors deny the plaintiff’s right, to recover against them, on any of those covenants.
The first is what is usually, called the covenant of seising a covenant which is broken, if broken at all, as soon as made» Shepherd’s Touchstone 170. Pennington’s Reports 407. 2 Johnson’s Rep. 1. 3 Johnson 63. 2 Mass. 465. it was broken, as between William Holmes, tho covenantor, and Charles Jones. \n action could have been immediately maintained on it by Jones. But Jones assigns the land to Chapman the plaintiff (Does the right of action pass with the land ? it has been re™ peatedly decided that it does not. It is contrary to the principio of the common law, which will not permit a chose in action to be ' assigned. 4 John Rept. 72. Croke Eliz. 863. Penn. Repts. 407.
The defendant’s counsel cited, contra, 4 Term Repts. 75. That was an action of covenant for quiet enjoyment, brought by a lessee against the assignee of the land ; and it wan decided that; she assignee, and the heir of the lessor were liable on this cove *34 naut, upon the eviction of the lessee. The case, in 5 Coke 17 is upon the same covenant, brought by the assignee of the lessee after eviction, against the lessor. Neither of these cases oppose those first cited; and the iavv seems to be well established, that no right of action on the covenant of seisin passes to the assignee of the land; and therefore the demurrer to this breach is well taken.
The next covenant is, that the said William Holmes and wife had power and authority to grant, sell, and convey the said land to the said Charles Jones, his heirs and assigns. This covenant is of the same import with the first, and the action on it is liable to the same objections. 4 Cruise, Ch. 5. But it is added that they had the right and power to sell the said lands, “free and clearly acquited, exonerated, and discharged of and from all manner of other and former deeds, gifts, grants, &c. and all other incumbrances that might in any way mar, hurt, injure, or diminish the same in title or estate.” This is treated, by the counsel of the plaintiff, as a distinct covenant against incumbrances. But it appears to me to be a part of the preceding covenant, limiting; or restraining it, if it varies it at all. The covenant against incumbrances known to the English conveyancers, and referred to iis the English books, looks to the future, and is usually annexed to the covenant for quiet enjoyment. See appendix to 2 Vol. Bl. Comm. And the English decisions respecting their covenant against incumbrances, cannot with any propriety be applied to the case before us.
The remaining covenant is that of warranty. It is said iis Bacon's Abridgement, title Covenant C. to be. the better opinion, that a personal action will not lie on this covenant upon an eviction of the freehold. The same idea is suggested by Van Ness, Justice, in 4 Johnson, p. 11. It is certainly not one of the, covenants - introduced into English conveyancing in lieu of the ancient warranty ; and, inNew-York, the'English covenants appear to be -adopted. In Massachusetts, covenants of this kind are used, and personal actions sustained upon them without objection. In New-Jsrsey, 1 believe it is almost universally in use - and considering that the ancient mode of proceeding on warranties is nearly obsolete in England, and never had existence in this state. Wo cannot for a moment suppose that such a covenant is now introduced with a view to those ancient remedie? *35 or íluá the grantee, should be confined to them, to obtain redress after eviction. Tho principal difliculty, on toy mind, arose from ihe mode hi which the covenant was infrodueed, and which» ¡¡night be considered to furnish ground for u peculiar construeíiou. The preceding covenants express!y bind ¡he' grantor, hit; heiis, executors, and administrators, and this succeeds them, mid begins with the words t *• and lastly, the said William Hohnes for himself and his heirs,” &c. But it is a general rule ?Iwt whenever a testator is hound by a covenant the executor shall be bound. Croke Eliz. 553. 2 Wash. 153 There is nothing -inthe nature of tin's covenant to vary that general principle; anti die intent, to coniine the obligation to tho testator and his iieirs, not appearing by any means certain, 1 am inclined upon !ho whole to say, that the action may be sustained against the ."■'SGeutorr, or this covenant,
Judgment for the plaintiff

 Note. In accordance with this opinion is the decision of the Supreme Court of tho state of New-York, in tho case of Townsend v. Morris, and Vancourtlandt. Executors of Vancourtlandt. 6 Cowan’s Rep. 123, and it may be considered as settled in that stale, that a warranty of kodc in a dood in fee, is the subject of if personal action of covenant against the executors of the warratt tor. and the grantee is not confined to ids voucher or warrantin' charted,.