John Brooks, v. William Smith.

## John Brooks, vs. William Smith.

COVENANTS RUNNING WITH LAND. *Statute,* 32 *Hin.* 8.

1. Between the assignee of a lease and the purchaser of the reversion there is no privity; and an action upon the covenants contained in the lease does not lie in favor of the one against the other, except under the Statute, 32 Hinny 8, giving such actions ; and this statute by construction embraces only those covenants which "touch and concern" the thing devised.

### WHAT COVENANTS RUN WITH LAND.

2. A covenant to surrender up the premises in good condition at the expiration of the lease. (Shelly v. Hearn, 6 Yerg. 512, 515.)

3. SAME. So also a covenant not to cut certain timber growing upon the land except for a certain specified purpose.

### SAME. *Assignee liable, when.*

4. As to covenants in a lease running with the land, the assignee of the lease can only be held liable for such damages as can be shown to have resulted from his act or neglect subsequent to the assignment of the lease to him.

### WHAT COVENANTS ARE PERSONAL, MERELY.

5. A covenant on the part of the lessee to build a shop and houses upon the land.

6. SAME. To set up certain machinery in the shop.

7. SAME. To do certain work of the lessor at the shop so to be built.

### SAME. *Assignees bound, when.*

8. The assignees of a lease are not bound by covenants in the lease which do not run with the land, unless they are expressly included in the covenants.

### PLEADING AT LAW. *Demurrer.*

9. A demurrer to the whole declaration cannot be sustained in part.

### SAME. *General demurrer.*

10. The general demurrer, having been abolished by Section 2934 of the Code, can only operate as a motion to dismiss.

CARUTHERS, J., delivered the opinion of the Court:

Action of covenant by the purchaser of a lessor against the assignee of the lessees.—Demurrer to the declaration sustained by the Circuit Judge, and appeal in error.

The case made in the declaration is, that Parrott Godwin being the owner of a tract of land, in Grainger county, entered into and executed certain articles of agreement under seal with Ryons and Clovinger, of which profert is made, by which "he leased to them, for the term of five years from the 1st of January 1854, a lot of ground—part and parcel of said tract of land." By which articles they bound themselves to build upon said lot a shop, of dimensions, and description therein set forth, and to furnish the same with turning lathes, grind stone, water works etc. They were to have the privilege of water, timber, etc., necessary for the work. It is also provided that the lessees were to do all the black-smith work of the lessor, he furnishing the iron during the term.—On his part the said Godwin for the work and buildings covenanted, "that the said Ryons and Clovinger should have the use of the said shop, and all the machinery belonging thereto, the two small houses then occupied by them, with the cleared land around them with the privilege to use firewood from Godwin's land during the term." They were also to have the privilege of taking timber enough to build a frame house and have the use of it; but they were to cut no timber that would make plank, except for the erection of said building. And the said Ryons and Clovinger further bound themselves to deliver to Godwin at the end of the term "all the said houses and the shop, and all the tools that may be

used in said shop, except such as are used in common black-smith shops, in good condition except the wear of the same."
For a breach of these covenants by either, he was to for-feit to the other $100 and all damages."

It is further averred that afterwards on the——day of——185—the said Godwin sold and conveyed in fee to the plain-tiffs the said tract of land, a part of which he had so leased as aforesaid, to the said Ryons and Clovinger, the said sale and conveyance being made before the expiration of the said lease and before the breach of the said covenants."

And before the breach the said "Ryon and Clovinger *assigned* their said lease to the defendant, who took pos-session of said land so leased"

The breaches assigned in the declaration, are :

1. The said shop and houses were not built.

2. The machinery was not put up, and the "Grindstones and Turning-Lathes, were not constructed.

3. The work of the plaintiff was not done in said shop though requested by him.

4. The premises, the houses and shop and the tools were not surrendered in good condition on the 1st of Jan-uary, 1859.

5. The defendant did cut and use timber on said land, suitable for making plank, for other purposes and uses than making said houses.

The parties to this suit are not the parties to the covenant but according to the averments of the declaration, the plaintiff is the purchaser by conveyance in fee "of the re-version and the defendant the assignee of the lease. There is no privity between the parties. The lease is exhibited, but not the assignments of either the reversion or lease.

John Brooks v. William Smith.

The lease of which profert is made has no assignment upon it, nor is it even averred that there was a written assignment, but barely that it was assigned to, and possession taken by the defendant." The lease does not expressly embrace the assignment of the parties. This suit cannot be maintained unless the covenants are such as to run with the land, or "touch and concern the estate," as there is no privity between the parties.

By the common law for the want of privity, and because covenants run with the land, but not with the *reversion*; covenant could not be brought by the assignee of the reversion, and to remedy this the act of 32 Hen. 8 was passed.

After reciting that, " by the common law no stranger to any covenant could take advantage thereof, but only such as were parties or privies thereto" it gives reciprocal actions to and against *the assignees* of both parties to a lease. This statute though general in its terms, and would seem to embrace *all covenants* that might be contained in a lease was easily construed to apply only to such as " touch and concern" the thing demised and not collateral covenants, 3 Coke 16 " Spencer's case" brought into 1 Smiths leading cases 22 Margin (1) Bream vs. Dickinson 2 Humph. 128.

(1) Spencer's Case, 1 Smith's Leading Cases, 115; 6th American Edition by Hare & Wallace, p. 129.

The covenant of warranty runs with the land. Ib. American note, Hopkins v. Lane, 9 Yerg. 79 ; Chase v. Weston, 12 N. H. R. 413; Beddoe v. Wadsworth, 21 Wend. 120 ; Clark v. Swift, 3 Met. 390; Williams v. Beeman, 2 Dev. 483. And so does the covenant for quiet enjoyment. Spencer's case, American note. 4 Kent Com. 471. But the covenants of seisin, of right to convey, and that the land is free from encumbrances do not run with the land. 4 Kent Com. 471; Logan v. Moulder, 1 Pike Ark. Rep. 323; Clark v. Swift, *ubi supra ;* Berney v. Harm, 3 A. K. Marshall, 324; Hamilton v. Wilson, 4 Johns. 72.

The only difficulty now, is to determine whether a particular covenant " touches and concerns" the thing demised or not. In the leading case it was held, that a covenant to build a brick wall upon the demised premises did not, and the assignee of the lessee was not liable unless the covenant in the lease expressly embraced him. But even that would not bind the assignee if the covenant had been to build a wall or a house anywhere else, for that would be merely collateral to the land, and does not touch or concern the thing demised. See second Resolution in Spencer's case. (2)

The doctrine of that and perhaps all other cases is, that a covenant to do something to a thing in existence at the time, as to repair the houses, cultivate the land in a particular manner, to reside on the premises, to let the lessee have free access to certain rooms in the house etc., runs with the land and binds the assignee, even without the word "assigns ;" (3) but if it be to erect something upon the

(2) As a covenant to build a house on the land of the lessor, not parcel of the demise. Spencer's Case, *ubi supra*, 2nd. Resolution. Or to pay a collateral sum to the lessor or a stranger. Ib. Canham v. Rust, 2 Moore, 164. Or not to hire laborers from another parish. Mayor, &c. v. Pattison, 10 East, 130. Or to idemnify the parish against loss by reason of the lessees taking an apprentice. Walsh v. Fussel, 3 M. & P. 455 ; 6 Bing. 163.

Or if the covenant relates to personal goods 3d Resolution, Spencer's Case, *ubi supra*. Bally v. Wells, *ubi supra*. Allen v. Culver, 3 Denio, 284.

(3) To repair. Allen v. Culver, 3 Denio, 284. To reside on the premises. Tatem v. Chaplin, 2 H. Black, 133. To leave part of the land every year for pasture. Cockson v. Cock, Cro. Jac. 125. To insure against fire. Vernon v. Smith, 5 Barn. & Ald.1. By the lessor, to supply the houses with water at a certain rate. Jourdain v. Wilson, 4 Barn. & Ald. 266. By the lessee, not to build on a certain square contiguous to the ground demised. Trustees, &c. v. Cowen, 4 Paige, 510.

premises such as a house, shop, machinery or wall; that does not bind the assignees, unless they are expressly named.   Addison on Contr. 979. (4) The last is the case before us.

In Shelly vs. Hearne. 6 Yerg. 512, 515, a covenant to occupy and leave the premises in tenantable repair at the expiration of the term was held, to run with the land in vor of the assignee of the reversion.   But in such case the breach must occur after the assignment, for if it were before the latter cannot sue.

In Bream v. Dickinson, 2 Humph. 126-30, the court decided that a covenant on the part of the lessor, to pay for such improvements as might be made by the lessee did not

Or for payment of ground rent.   Palmer v. Edwards, 1 Doug. 187 n.; Newman v. Keffer, 9 Casey, 442 n.   Or for payment of a perpetual ground rent reserved out of a conveyance in fee.   Scott v Lunt's Administrator, 7 Pet. 596; Hurst v. Rodney, 1 Wash. C. C. 375.   Or for the preservation of tithes.   Such a covenant runs with the tithes.   Bally v. Wells, Wilmot, 341; 3 Miles, 25, S. C.   A covenant to grind certain corn in a demised mill, being in the nature of a rent, runs with the thing demised.   Vyoyan v. Arthur, 2 Dow. & Ry. 670; 1 Barn. & Cres. 410.   So likewise a covenant to pull down old chimneys and put up new ones upon the land demised.   Harris v. Coulter, 3 Harring, 338, also a covenant not to let or establish any other mill site on the same stream.   Norman v. Wells, 17 Wend. 136.

(4)  Or to keep open a certain highway upon the land.   Bishop v. Quintard, 18 Conn. 395.   Or not to assign, Doe d. Cheere v. Smith, 5 Taunt. 795; 1 Marsh, 359.   Or to indemnify the overseers of the parish against loss by reason of the lessor taking a seravnt.   Walsh v. Fussell, 3 M. & P. 455; 6 Bing. 163.

Covenant by the lessor to purchase at the end of the term, fruit trees that the lessee may plant upon the land demised, will not run with the land, and bind the assignees of tho lessor, they not being named.   Gray v. Cuthbertson, *ubi supra*.

run with the land, or reversion, so as to make the assignor of the same liable to the assignee of the lessee. These are the only cases we have on the subject.

According to these principles, independent of the imperfections alleged to exist in the declaration, it will be seen that the plaintiff as assignee of the lessor, cannot maintain this action upon the covenants in this lease and the breaches set forth against the defendant, as assignee of the lessees, so far as the three first breaches are concerned. (5) It would be otherwise perhaps if the lease had expressly extended to and bound the assignees. (6) He must look to Ryon and Clovinger, the covenantors, as to them.

The judgment sustaining the demurrer would be affirmed as to those covenants and breaches, if the demurrer had been specially confined to them. But it is general to the whole declaration, and cannot be sustained in part, 1 Chit.

(5) But see Sampson y. Easterly, 9 Barn. & Cres. 505, where it was held that the assignee of the reversion could maintain suit upon a covenant to build a smelting mill, on the land demised. Same case affirmed on error, 6 Bing. 644. See also Carr v. Roberts, 5 Barn. & Adolph. 78.

(6) Gray v. Cuthbertson, 2 Chit. 482. Unless the covenant is to do something *collateral* to the thing demised independent of, and not annexed to it. It then becomes a distinct substantive agreement, and does not bind the assignee, *though named.* Bally v. Wells, Wilmot, 345; Flight v. Glossop, 2 Bing. N. C. 131; Mayho v. Buckhurst, Cro. Jac. As a covenant not to hire persons' to work in building a mill on the land demised, who were settled in other parishes. Mayor v. Pattison, 10 East, 170. Or unless the covenant relates to personal goods, merely. Wilmot, C. J., in Bally v. Wells, *ubi supra ;* Spencer's Case, *ubi supra* 3rd Resolution.

If the covenant be personal merely, after the death of the covenantor, his personal representatives, and not his heirs, must be sued. Ely v. McLain's Heirs, *supra,* p. 21.

Pl. 663-4. The stipulations in the covenant upon which the two last breaches are assigned are such as run with the land, and upon which the assignee of the lessees may be made liable to the extent of the damage sustained, if any can be shown to have resulted to the plaintiff from the *act of this defendant after* the assignment of the lease to him. (7)

It may be remarked also that this demurrer being general, and not setting forth the particular objections relied upon, it does not conform to the requirements of the Code § 2934, and can be of no avail to the defendant, if a good cause of action is shown in the declaration though imperfectly stated. That section abolishes general demurrers, and requires that the ground of the demurrer shall be specially stated. Without this the demurrer can answer no other purpose than to stand as a motion to dismiss.

Judgment reversed, and cause remanded for further proceedings.

*Judgment reversed.*

(7) Grescott v. Green, Salk. 199; Churchwardens v. Smith, 3 Burr 1271; 1 Bl. R. 351, S. C. Nor is he answerable for such breaches as have been committed after he assigns over the thing demised. Chancellor v. Poole, Doug. 764; Pitcher v. Toney, 1 Salk. 81; 4 Mod. 71; 2 Vent. 228; Caruth. 177; 3 Les. 295; 1 Shaw, 340, S. C.; Harvey v. King, 2 Cromp. M. & R. 18; Burnett v. Lynch, 5 Barn. & Cres. 89; 8 D. & Ry. 368, S. C., where an action was maintained for a neglect to perform covenants during the time the defendant continued assignee.