JOSEPH SCHENKER, Respondent, *v.* RITA PEARL SCHENKER, Appellant.

First Department, February 15, 1918.

**Husband and wife — action to annul marriage upon ground that wife had husband living — defense — validity of divorce procured in another State without personal service of process upon or appearance of defendant.**

The courts of the State of the last matrimonial domicile can grant a decree of divorce without personal service of process upon or the appearance of the defendant therein, where the constructive service of process is made in accordance with the laws of that State, and such a decree is entitled to full faith and credit in the courts of all the States of the Union.

Hence, where in an action to annul a marriage between the plaintiff and defendant, on the ground that the defendant at the time the marriage was solemnized had a husband living, it appears that the plaintiff and defendant were married in South Carolina; that prior thereto the defendant had procured a divorce from her former husband in the State of Alabama, their last matrimonial domicile; that the defendant, who was then a resident of the State of Mississippi, was not personally served and did not appear, but was served by publication and by mail, a judgment in favor of the plaintiff should be reversed.

APPEAL by the defendant, Rita Pearl Schenker, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 10th day of July, 1917, upon the decision of the court after a trial at the New York Special Term.

The judgment annulled the marriage between the parties.

*Abraham M. Davis* of counsel [*Harry Bloom*, attorney], for the appellant.

*J. William Hill*, for the respondent.

PAGE, J.:

This action was to annul a marriage between the plaintiff and defendant, on the ground that the defendant, at the time the marriage was solemnized, was the wife of Nathan Beiman, who was then living. The facts in this case are stipulated and, briefly stated, are as follows: The plaintiff and defendant were married in South Carolina in August, 1904, and lived and cohabited together as husband and wife. On the 25th day of June, 1916, the plaintiff voluntarily abandoned the defendant and has since failed and refused to live and cohabit with her. There is no issue of the marriage. The defendant, on the 25th day of August, 1889, was married to one Nathan Beiman in the city of Chicago, Ill., and lived and cohabited with him a number of years after said marriage. The place of their last matrimonial domicile was in the State of Alabama. The said Beiman removed from the State of Alabama to the State of Mississippi, and the defendant lived separate and apart from her said husband and subsequently commenced an action for divorce against him in the City Court of Birmingham, Ala., which resulted in a decree of divorce. Personal service of process was not made on said

Beiman, nor did he appear in the said action. Service was, however, made by publication and by mail. At the time the action was commenced and when the decree was granted Beiman was not a resident of Alabama, but was a resident of the State of Mississippi; but the defendant was a resident of the State of Alabama, which was the State of the last matrimonial domicile. At the time of the marriage of the plaintiff and defendant, Beiman was alive, and no other decree of divorce of any court than that of the City Court of Birmingham was ever granted. The marriage has been annulled upon the ground that the decree of divorce granted by the City Court of Birmingham was null and void and of no effect.

The courts of this State have been reluctant to give full faith and credit to the decrees of divorce granted by the courts of other States where it appeared that process was not personally served on the defendant, or that the defendant did not appear in the action, upon the ground of public policy; but it has been recognized that " this rule of public policy is enforcible only for the protection of the citizens of this State." (*Kaufman* v. *Kaufman*, 177 App. Div. 162, 164.) It, therefore, might be sufficient in this case to hold that as, at the time the action for divorce was pending in the Alabama court, neither of the parties thereto was a citizen of this State, and neither the plaintiff nor defendant herein was a citizen of this State when the marriage was solemnized in South Carolina, this rule of public policy did not apply and that the marriage, being lawful in South Carolina, was valid and could not be questioned in this State. But the Supreme Court of the United States, which is the ultimate authority, has definitely decided that the courts of the State of the last matrimonial domicile can grant a decree of divorce without personal service of process upon, or the appearance of, the defendant therein, where the constructive service of process was made in accordance with the laws of that State, and that such a decree is entitled to full faith and credit in the courts of all the States of the Union. (*Atherton* v. *Atherton*, 181 U. S. 155; *Haddock* v. *Haddock*, 201 id. 562; *Thompson* v. *Thompson*, 226 id. 551, 561.) The judgment in this case contravenes this rule as laid down in these cases and must be reversed.

The defendant counterclaimed for a decree of separation with maintenance. As the amount to be awarded for maintenance is not stipulated, nor any facts upon which an award thereof could be predicated stated in the record, although the fact of the abandonment is, we cannot award the judgment. There will, therefore, have to be a new trial. The interlocutory judgment is reversed, with costs to the appellant, and a new trial ordered.

Clarke, P. J., Laughlin, Scott and Shearn, JJ., concurred.

Judgment reversed, with costs to appellant, and new trial ordered. Order to be settled on notice.