IRVING O. BALL, Plaintiff, *v.* MALVINA CROSS (BALL), Defendant.

(Supreme Court, New York Special Term, February, 1919.)

Divorce — when judgments of, are not in personam — domicile — service by publication — Constitution of United States.
Marriage — action to annul — divorce — when motion for judgment on the pleadings granted.

Decrees of divorce granted by the courts of sister states on service by publication only, in actions where the defendant has not appeared and subjected himself or herself to the jurisdiction of the court, are not judgments *in personam*, and, if not rendered by a court of the state of the last matrimonial domicile of the parties, are not within the " full faith and credit " clause of the Constitution of the United States.

Where in an action to annul a marriage on the ground that at the time of said marriage, the defendant, a non-resident of this state, had another husband then living, it appears that on service by publication only, he had been granted a divorce by a court in a sister state which was not the last matrimonial domicile of the parties and of which the defendant was not a citizen, in which action she did not appear, the present action must fail and defendant's motion for judgment on the pleadings granted.

ACTION to annul a marriage.

Thompson, Koss & Warren, for plaintiff.

D. V. Sullivan, for defendant.

PENDLETON, J.  Plaintiff, a citizen of this state, brings this suit to annul his marriage with defendant, not a citizen of this state, on the ground that defendant, at the time of the marriage, had another husband then living.  Defendant had been divorced from her former husband at the time of her marriage with plaintiff, by decree of a court of Nevada, and the whole question turns on the validity of that divorce in the courts of New York. The decree of divorce was granted to the former husband against defendant in an action in which she did not appear and on a service by publication only in the court of Nevada, which state was not the last matrimonial domicile of defendant and her former husband, and of which she was not a citizen.  That the divorce was effective within the limits of the state of Nevada seems clear, and if a like effect is given to it by this court, the defendant was divorced at the time of the marriage and the action must fail.  It is conceded that if defendant at the time of the divorce had been a citizen of New York, the judgment of divorce would not be recognized by the courts in this state, and the crucial question here involved is whether the rule of public policy established by the courts of this state not to recognize decrees of divorce in other states not of the last matrimonial domicile granted on service by publication only where the party defendant was not a citizen of or domiciled within the state where the decree was made and did not appear in the action is only applicable where the defendant in the divorce suit was at the time of the decree a citizen of this state, or whether it may be invoked whenever the interest of a

citizen of New York is involved. There has been some divergence of opinion in the cases, and no finally controlling decision of the court of last resort has been cited. In *Borden* v. *Fitch,* 15 Johns. 121, and *O'Dea* v. *O'Dea,* 101 N Y. 23, the rule was, as matter of fact, applied, although the defendant in the divorce suit was not a citizen of New York, but without discussion or apparent consideration of the precise question here involved. In both *People* v. *Baker,* 76 N. Y. 78, and *Haddock* v. *Haddock,* 201 U. S. 587, the case of *Borden* v. *Fitch,* 15 Johns. 121, is cited as upholding the principle that a court of another state could not dissolve the matrimonial relation of a *citizen of New York domiciled in New York* unless he was actually served or appeared. In *Matter of Caltabellotta,* 183 App. Div. 753, the Appellate Division of the Fourth Department, after consideration, held the rule was not restricted to cases of citizens of this state. On the other hand, in *Kaufman* v. *Kaufman,* 177 App. Div. 162, it was held that the rule of public policy did not apply where the defendant in the divorce suit was not a citizen of New York, and *Percival* v. *Percival,* 106 id. 111, affd., without opinion, 186 N. Y. 587, is to the same effect. The court says that " it was incumbent on the plaintiff (the defendant in the divorce action), in order to obtain the benefit of this rule of public policy, to show that he was a resident of this state at the time the foreign action was commenced and the foreign decree granted." This view was approved in *Schenker* v. *Schenker,* 181 App. Div. 621. Decrees of divorce of other states granted on service by publication only, and where the defendant has not appeared and subjected himself or herself to the jurisdiction of the court are not judgments *in personam,* and if not rendered by the court of the state of the last matri-

monial domicile, are not within the full faith and credit clause of the federal constitution, and are only recognized by other states by reason of comity, and such comity will not prevail where the recognition will contravene the public policy of the state. *Haddock* v. *Haddock*, 201 U. S 587. Each state has the inherent power over the marriage relation and its dissolution as regards its own citizens. Such control is inherent in the sovereignty of every government, and the public policy of this state is well settled to confine within narrow limits the right of dissolution of marriage, and the courts of this state, in pursuance of this rule of public policy, and to maintain its authority and control, will not recognize a dissolution of the marriage of one of its own citizens by decree of a foreign state for a cause for which a divorce is not allowed by the laws of this state, where such judgment is not within the full faith and credit clause of the federal constitution, and its recognition is therefore not within the constitutional mandate. The control of the state over marriage relates, however, only to its own citizens, and as the rule of public policy grows out of such control, it can only be applicable to the dissolution of the marriage of its own citizens, and can have no application or relevancy to the dissolution of the marriage of citizens of other states. As to these, the public policy of this state can have no bearing and is in no way involved. It seems to me, therefore, that both on principle and the weight of authority the true rule is that the decrees of other states, although granted on service by publication only, will be given on the doctrine of comity and efficacy here, except where it contravenes the public policy of this state, and that can only be where the dissolution of the marriage of a citizen of this state is involved, and as a plaintiff

who has invoked the decree of the foreign state cannot be heard to repudiate it (*Kaufman* v. *Kaufman,* 177 App. Div. 162) the rule finally resolves itself to be that it is only when the defendant in the divorce case is a citizen of New York that the foreign decree will not be recognized. The evidence as to the statutes and laws of the District of Columbia is immaterial and is excluded.

Judgment for defendant.