CHARLES W. MOODY, Plaintiff, *v.* FANNIE SOPER, Defendant.

(Supreme Court, Monroe Equity Term, December, 1921.)

Divorce — decree of divorce in Pennsylvania, the last matrimonial domicile of parties, in which action plaintiff in this action was served by mail, is valid and a bar to an action for divorce in this state.

In a husband's action for an absolute divorce it appeared that the last matrimonial domicile of the parties, who had many times been separated, was in the state of Pennsylvania. The evidence was clear that when the defendant, who worked and supported the children, came to the city of Rochester, N. Y., she intended to stay there permanently, only in the event that plaintiff provided a proper home for her there, which he never did. It further appeared that soon after her return to the state of Pennsylvania she obtained a divorce there, in which the defendant in the action was served with process by mail. She returned to the state of New York and married again. Upon directing judgment dismissing the complaint and awarding to her the custody of the children, *held,* that the Pennsylvania divorce was valid and will be given full force and effect in this state.

An allegation in the complaint for a separation brought by her in the state of New York that she was a resident of that state, was not sufficient to show that she had abandoned her domicile in Pennsylvania.

ACTION for absolute divorce.

Frederick A. Mann, for plaintiff.

Milton Noyes (Claude T. Taggart, of counsel), for defendant.

CUNNINGHAM, J. The plaintiff and defendant were married in New York state on June 27, 1915. There are two children, the issue of the marriage, both sons, one five years of age and one three years of age. On

August 7, 1920, defendant brought an action in Pennsylvania for a divorce from plaintiff. The plaintiff, who was then in Rochester, N. Y., was not personally served with the process in that action, but the same was served on him by mail. On April 4, 1921, a decree was granted in that action, divorcing defendant from plaintiff. On April 16, 1921, defendant was married at Rochester, N. Y., to John Soper and has lived with him ever since as his wife. The plaintiff claims that the Pennsylvania divorce was void and is of no effect in this state and that the marriage contracted between the defendant and John Soper is invalid and that the defendant has been living in adulterous intercourse with John Soper. The question, therefore, to be determined in this case is as to whether or not the Pennsylvania divorce is valid.

The plaintiff is a barber by trade and is of a roving disposition and not inclined to remain settled in one place for any length of time. The plaintiff, either through inability or laziness, was not able to provide a home for his wife and children and to properly support and maintain them. Many times during their married life the plaintiff and defendant were separated and the mother worked and supported herself and the children. For the two years previous to March, 1920, plaintiff and defendant lived in the state of Pennsylvania, some of the time on a farm with defendant's mother in Athens, some of the time in Sayre and some of the time in Le Raysville. During a portion of the time the parties were in Pennsylvania they were not living together, but the wife worked and supported herself and the children. During the last seven months of their stay in Pennsylvania they lived together in Le Raysville, but came to the conclusion that plaintiff could not earn enough money in that village to support his family and they agreed to

come to Rochester to see if plaintiff could find a position and provide a home for his family. On March 22, 1920, defendant left Le Raysville and came to Rochester with her two children and went to the home of plaintiff's mother, who conducted a rooming house. On March 15, 1920, plaintiff left Le Raysville, arrived in Rochester the following day and went to his mother's house. Plaintiff and defendant stayed at that house that night, but occupied separate rooms, and defendant left next day, being ordered out by her mother-in-law. She took with her the younger child, but her husband and mother-in-law would not permit her to take the older one. She stayed about a week at a friend's house and then went to her father's home in Rochester.

On the 23d day of March, 1920, defendant commenced an action for separation against plaintiff in the Supreme Court of this state. In the complaint in this action she alleged that she was " at the time of the commencement of this action a resident of the State of New York." As a result of that action plaintiff and defendant, on the 21st day of April, 1920, entered into an agreement in which they agreed to live apart; that the wife should have the custody of the two children and that the husband should pay twenty-five dollars per month for the support and maintenance of his wife and children. Plaintiff did not make all the payments specified in the separation agreement and defendant, about the 1st of June, 1920, returned to Pennsylvania and went to work to support herself and her children. The following August she commenced an action in Pennsylvania for a divorce.

The question now arises as to whether the domicile established by the plaintiff and defendant in the state of Pennsylvania had been abandoned at the time

defendant commenced her action for divorce in that state. " Residence means living in a particular locality, but domicile means living in that locality with intent to make it a fixed and permanent home. * * * The existing domicile, whether of origin or selection, continues until a new one is acquired * * *.'' *Matter of Newcomb,* 192 N. Y. 238.

It cannot be disputed that the last place in which plaintiff and defendant lived together as husband and wife was in the state of Pennsylvania and that was their last matrimonial domicile. When the defendant left Pennsylvania and came to Rochester in March, 1920, she did not intend to change her permanent home unless the plaintiff succeeded in getting work and provided for the support and maintenance of herself and children in the new locality. She intended to stay in Rochester permanently only in the event that plaintiff provided a proper home for her in that city. As he never did so, it cannot be said that defendant while living in Rochester did so with the intention of making that city her permanent home. As a matter of fact, when the separation agreement was signed, she told plaintiff's attorney that she intended to return to Pennsylvania, thus clearly showing her intention to retain her domicile in that state.

When she commenced the separation action in this state in March, 1920, she did so for the purpose of regaining possession of her older child, from whom she had been forcibly separated for upwards of a month. Great stress is laid upon the fact that in the complaint in that action she alleges that she is a resident of the state of New York. It is true that at the time she was living in the state of New York, but only temporarily, waiting to see whether her husband could find a job and provide a home for her and her children. I do not think that this allegation in the

complaint is sufficient to show that defendant had abandoned her domicile in Pennsylvania.

When defendant returned to Pennsylvania in June, 1920, she did so in good faith and for the purpose of supporting herself and children at a place where she had worked before. She did not leave this state for the purpose of evading its laws and securing a divorce in another state upon a ground which would not entitle her to a divorce in this state.

The last matrimonial domicile of plaintiff and defendant was in the state of Pennsylvania and, under the evidence, I must hold that defendant did not abandon such domicile and did not cease to be a resident of the state of Pennsylvania, and that, at the time of the commencement of the action in Pennsylvania, she had been a resident of that state for more than one year.

Under such circumstances, the Pennsylvania decree of divorce is valid and must be given full force and effect in this state. *Atherton* v. *Atherton,* 181 U. S. 155; *Thompson* v. *Thompson,* 226 id. 551; *Post* v. *Post,* 149 App. Div. 452; affd., 210 N. Y. 607; *Schenker* v. *Schenker,* 181 App. Div. 621; affd., 228 N. Y. 600.

I am of the opinion that it is for the best interests of the children that they should be placed in the custody of their mother. Plaintiff, during a large portion of his married life, was unable to provide a home for his children or to properly support and maintain them and there is no reason to suppose he will be able to do so in the future. If he were given the custody of them it is probable they would be placed in some institution or become public charges. The mother has always been tender and loving in her care of them and has worked hard to keep them in food and clothes, and I believe that they will be better provided for if

they are left with her than if the custody of them were awarded to the father.

Judgment may be entered in favor of the defendant dismissing the complaint with costs and awarding the custody of the two children to defendant, requiring plaintiff to pay twenty-five dollars per month for their support and maintenance, with the privilege to plaintiff of visiting his children once a week.

Judgment for defendant.