Joseph Kaufman, Appellant, *v.* Angela C. Kaufman, Otherwise Known as Anna C. Kaufman, Respondent.

First Department, February 23, 1917.

Husband and wife — action to annul marriage on theory that defendant had former husband living — validity of Nevada divorce — when plaintiff cannot attack Nevada decree for lack of jurisdiction.

Where, in an action to annul a marriage between the plaintiff and the defendant, performed in Connecticut when they were residents of this State, on the theory that it was void on the ground that the defendant had a former husband living at the time, it appears that the plaintiff persuaded and induced the present defendant to obtain a divorce and supplied the necessary funds to enable her to go to and remain in Nevada for such purpose and was fully aware of all the material facts with respect thereto and with respect to the absence of her former husband at the time he married her, and that he advised and assured her that the divorce so obtained would be and was valid, the plaintiff is not in a position to contend that the Nevada divorce was void for want of jurisdiction because procured only by constructive service of process, even though the defendant's husband was then a resident of this State.

Appeal by the plaintiff, Joseph Kaufman, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 6th day of July, 1916, dismissing the complaint upon the decision of the court after a trial at the New York Special Term.

*William Travers Jerome* [*Milton Dammann* and *David Michelsohn* with him on the brief], for the appellant.

*Leo R. Brilles,* for the respondent.

Laughlin, J.:

This is an action to annul a marriage between the plaintiff and the defendant, celebrated at Bridgeport, Conn., on the 15th day of April, 1913, when they were both residents of the State of New York. The theory upon which the plaintiff seeks to have the marriage annulled is that it was void on the ground that the defendant had a former husband living at the time. The action is defended upon the ground that the defendant had been

duly divorced from her former husband by a decree of the Nevada District Court on the 12th day of October, 1911; that her former husband had absented himself for more than five years prior to her marriage with the plaintiff, and that she then believed that he was dead and, in effect, that the plaintiff persuaded and induced her to obtain the divorce, and supplied the necessary funds to enable her to go to and remain in Nevada and employ an attorney for that purpose, and was fully aware of all the material facts with respect thereto and with respect to the absence of her former husband at the time he married her, and that he advised and assured her that the divorce so obtained would be and was valid and that she was free to marry him. The court found all of the material facts in favor of the defendant. The plaintiff *now* contends that the divorce so procured by the defendant *at his instance* was void for want of jurisdiction on the grounds that her former husband was not a resident of the State of Nevada, was not personally served within that State and did not appear in the action, and that she did not reside or acquire a domicile in Nevada for the requisite statutory period. The Nevada decree was based on a finding that the defendant herein, who was the plaintiff in the divorce action, was and had been a *bona fide* resident of Nevada for the statutory period required by the laws of that State to entitle her to a decree of divorce. Her cause of action for a divorce on the ground of desertion and abandonment was sufficiently established pursuant to the laws of Nevada. The only *matrimonial domicile* of the defendant and her former husband was in this State, but the evidence tends to show that he was unable to support her and abandoned her and took up his residence with his parents. In these circumstances it was competent for her to acquire a new domicile (*Post* v. *Post,* 149 App. Div. 452, and cases cited at p. 456; affd., 210 N. Y. 607; *North* v. *North,* 47 Misc. Rep. 180; affd., 111 App. Div. 921; *Haddock* v. *Haddock,* 201 U. S. 562, 569, 570, 571, 587, 592, 605, 606; *Wacker* v. *Wacker,* 154 App. Div. 495), and for the courts of that domicile to grant her a divorce on a ground authorized by its laws which would be valid and binding within that jurisdiction although if obtained on constructive service only it would not be entitled to, but might be given, full faith and credit else-

where depending on questions of State policy. (*Haddock* v. *Haddock, supra.*) The constructive service of process pursuant to the laws of Nevada conferred jurisdiction on the court to dissolve the marriage contract at the instance of the defendant herein who was then lawfully domiciled in that State, and, therefore, the decree became valid and binding within that State, and although it is not binding and enforcible in other States *as a matter of right* under the full faith and credit clause of the Federal Constitution (Art. 4, § 1), still it may be recognized in other States by comity. (*Haddock* v. *Haddock, supra,* 605, 606.) But it is contended that the public policy of this State forbids the recognition of such a decree within this jurisdiction. Such was the rule announced in *O'Dea* v. *O'Dea* (101 N. Y. 23) and in other authorities therein cited. It has been recognized, however, in many decisions that this rule of public policy is enforcible *only* for the protection of the citizens of this State (See *Starbuck* v. *Starbuck,* 173 N. Y. 503, 508, and cases cited); and in *Percival* v. *Percival* (106 App. Div. 111; affd., 186 N. Y. 587) it was held, in an action by a former husband of the defendant therein for a divorce, involving the validity of a divorce obtained by her in New Jersey on constructive service of process, that it was incumbent on the plaintiff in order to obtain the benefit of this rule of public policy to show that he was a resident of this State at the time the foreign action was commenced and the foreign decree granted. In the case at bar the trial court made no finding with respect to the residence of the defendant's former husband at the time she instituted the action for the foreign divorce or at the time of the rendition of the decree therein, but the learned justice stated in his opinion that the testimony given on that subject by the defendant's former husband, who was produced as a witness for the plaintiff, failed to meet the burden of showing that he was a resident of this State at those times. We agree with that view of the evidence, and are also of opinion that if the evidence showed that he was then a resident of this State the plaintiff, on the facts here disclosed, should not be heard to invoke the doctrine of State policy to which reference has been made, which was adopted for the benefit and protection of defendants in divorce actions and not for one occupying

the position of this plaintiff, who in seeking to take advantage thereof attempts to use the court to enable him to perpetrate an outrage against society as well as an injustice on the defendant, who in marrying him acted in entire good faith and in the belief, induced by him, that the marriage would be valid.

If, as claimed by the plaintiff, the marriage between him and the defendant was absolutely void, no decree of the court is required declaring its invalidity. (*Stein* v. *Dunne*, 119 App. Div. 1; affd., 190 N. Y. 524.) He, however, seeks a judicial decree annulling it in order that he may be sure of his status. If, in any circumstances, the court would be warranted in refusing to grant a decree annulling a void marriage upon grounds of equitable considerations or estoppel, I am of opinion that the facts shown by the evidence and found by the trial court justify withholding a decree in the case at bar. It appears to be well settled that the defendant, who invoked the jurisdiction of the courts of Nevada and there obtained the decree of divorce, could not be heard in another jurisdiction to question its validity and that rule has even been applied to those claiming property in the right of a parent at whose instance the alleged invalid divorce was granted. (*Starbuck* v. *Starbuck*, 173 N. Y. 503; *Matter of Swales*, 60 App. Div. 599; affd., 172 N. Y. 651; *Matter of Morrison*, 52 Hun, 102; affd., 117 N. Y. 638.) If she would not be heard to question the validity of the divorce and could not have her marriage with plaintiff annulled on the ground that the divorce was invalid, why should he, who induced her to obtain it and then to marry him on the assumption that she was free so to do, be heard to question its validity? Of course her former husband is at liberty to contest the validity of the divorce collaterally in a jurisdiction other than Nevada but that does not aid the plaintiff for he married the party who invoked the jurisdiction of the foreign court to grant the divorce and as to her and as to all claiming under her the divorce must be conclusively presumed to be valid when, as here, brought in question collaterally. In *Berry* v. *Berry* (130 App. Div. 53) this court held that a party who had contracted a marriage in bad faith and with knowledge that he had a lawful wife living was not enti-

tled to maintain an action for the annulment thereof. The Court of Appeals in *Stokes* v. *Stokes* (198 N. Y. 301) expressly recognized that there might be extreme cases in which an equitable defense against an action for annulment for invalidity should be sustained. In the case at bar it was not only pleaded but proved and found that all that the defendant did with respect to changing her residence and obtaining a divorce was instigated by the plaintiff. Although there is no issue of the marriage it seems to me it would be unconscionable to allow the plaintiff, after thus inducing defendant to obtain a divorce and to marry him, and after living with her for such time as it pleases him, to have the marriage annulled and to be released by judicial decree from all responsibility thereunder on the ground that the divorce was invalid. In *Brown* v. *Brown* (153 App. Div. 645) the decision of this court in *Berry* v. *Berry* (*supra*) was limited to the precise facts upon which the case was decided; but the decision as thus limited and the rule established in *Starbuck* v. *Starbuck* (*supra*) are authority, I think, for holding that the plaintiff, who induced the defendant to obtain the foreign divorce and financed her in so doing, should be precluded from obtaining a judicial annulment of the marriage predicated on the invalidity of the divorce precisely the same as the defendant would be precluded from questioning the validity of the divorce collaterally if she had brought this action for the annulment of the subsequent marriage.

It follows that the judgment appealed from should be affirmed, with costs.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concurred.

Judgment affirmed, with costs.