IRVING O. BALL, Appellant, *v.* MELVIA S. CROSS, Also Known as MELVIA CROSS BALL, Respondent.

First Department, February 6, 1920.

**Husband and wife — action to annul marriage on ground that defendant was not legally divorced — validity in New York of decree of divorce granted in Nevada on service by publication on defendant in Missouri wherein marriage was solemnized.**

A marriage will not be annulled on the ground that the defendant at the time she married the plaintiff, a resident of this State, had a husband living from whom she was not legally divorced, where it appears that the defendant was married to her first husband in Missouri and was living there at the time she was served by publication and a decree granted in an action for divorce instituted by her first husband in Nevada, and the decree of the Nevada court was recognized as valid in Missouri, for under such circumstances the decree should be recognized as valid and binding in New York when collaterally attacked.

APPEAL by the plaintiff, Irving O. Ball, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 20th day of March, 1919, dismissing the complaint of the plaintiff on the merits after a trial by the court at Special Term.

*George Flint Warren, Jr.,* of counsel [*Thompson, Koss & Warren,* attorneys], for the appellant.

*William Greenthal* of counsel [*Greenthal & Greenthal,* attorneys], for the respondent.

PAGE, J.:

The action was to annul the marriage of the plaintiff and the defendant upon the ground that the defendant, at the time of her marriage with the plaintiff, had a husband living, from whom she had not been legally divorced. The defendant was married to one Greene G. Lescher, in the State of Missouri, October 28, 1914, and they lived in that State until February, 1915, when they removed to Galveston, Tex. Lescher left the defendant in January, 1916, in Galveston,

he going to Reno, Nev. The defendant returned to and became a resident of the State of Missouri. In August, 1916, Lescher commenced an action for a divorce in the Nevada court on the ground of extreme cruelty and obtained a decree by default. The summons was served on the defendant in the State of Missouri pursuant to an order of publication, and she did not appear in the action in the Nevada court. The plaintiff was a citizen and resident of this State and the defendant and he were married in the District of Columbia April 30, 1917. Lescher, the defendant's former husband, was living then and at the time of the trial of the present action. The constructive service of process pursuant to the laws of the State of Nevada conferred jurisdiction on the court of that State to dissolve the marriage contract at the instance of the husband who was then lawfully domiciled within that State, and the decree became valid and binding within that State and although it is not binding and valid in other States as a matter of right under the full faith and credit clause of the Federal Constitution (Art. 4, § 1), still it may be recognized in other States by comity. In this State we have refused to recognize such decree as binding upon a party who at the time was a citizen of this State, on the ground that it was contrary to our public policy. We have held, however, that this rule of public policy is enforcible only for the protection of the citizens of this State. (*Kaufman* v. *Kaufman*, 177 App. Div. 162, 164; *Schenker* v. *Schenker*, 181 id. 621, 623.) There is great diversity in the policy of the different States in this regard. These decisions have been collated and discussed by the United States Supreme Court in *Haddock* v. *Haddock* (201 U. S. 562), in which we find this statement (at p. 602): " Missouri — In *Gould* v. *Crow*, 57 Missouri, 200, a decree of divorce regularly obtained by a husband in Indiana, on an order of publication, without personal service, was held to operate as a divorce in favor of the husband in Missouri, so as to prevent the wife from claiming her dower in lands in Missouri owned by the husband. * * * A statute of Missouri barring the claim of a wife for dower after divorce granted by reason of her fault, was held to apply to all divorces, whether obtained in Missouri or in other States, and whether obtained on personal service or

by order of publication. The doctrine of *Gould* v. *Crow* was reaffirmed and applied in *Anthony* v. *Rice,* 110 Missouri, 223." Thus it appears that the decree of the Nevada court was recognized as valid and binding in the State of Missouri where the marriage between the parties was solemnized and where the defendant at the time of granting the decree was domiciled. Under such circumstances the decree should be recognized as valid and binding in this State when collaterally attacked. As it concerns a marriage in another State between citizens of that State and its effect to dissolve the marriage contract is recognized in that State, the public policy of this State is not in any way operative.

The judgment should be affirmed, with costs.

CLARKE, P. J., DOWLING, SMITH and PHILBIN, JJ., concur.

Judgment affirmed, with costs.