EMANUEL M. KAISER, Respondent, v. EDITH O. KAISER, Appellant.

First Department, June 11, 1920.

**Husband and wife — validity of foreign divorce granted to wife on default on substituted service of summons by publication — right of husband to divorce on remarriage of wife.**

A divorce decree granted to the wife by the courts of Pennsylvania on the default of the husband on a substituted service by publication on him in compliance with the laws of that State, the wife then being a *bona fide* resident of Pennsylvania, will not be recognized in this State where the parties were citizens of this State residing in New York city at the time of the marriage and the husband continued to reside in said city at the time the decree was granted.

Accordingly, the husband is entitled to a divorce in this State where the wife subsequently marries in Pennsylvania, though the marriage there is valid.

APPEAL by the defendant, Edith O. Kaiser, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 28th day of August, 1918, upon the decision of the court, rendered after a trial on framed issues at the New York Special Term, dissolving the marriage between the parties and awarding the custody of the child to the plaintiff.

Also an appeal by said defendant from the final judgment of divorce in favor of the plaintiff, entered in the office of the clerk of said county on the 17th day of December, 1918.

*Louis Marshall*, for the appellant.

*I. Maurice Wormser* of counsel [*Max D. Steuer*, attorney], for the respondent.

PAGE, J.:

The appeals from the interlocutory and final judgments bring up for consideration the effect of a decree of divorce granted by the Court of Common Pleas of Philadelphia, State of Pennsylvania, obtained by the defendant herein by default. The plaintiff herein was not served with process in the State of Pennsylvania, nor did he appear in the action. Substituted service by publication was made upon him in accordance with the law and practice of the Pennsylvania courts.

Prior to their marriage the plaintiff and defendant were citizens of the State of New York and residents of the city of New York. They were married in the city of New York and continued to reside there until their separation on August 7, 1914. On August 26, 1914, the parties hereto entered into a separation agreement, and thereafter the defendant herein took up her residence in the city of Philadelphia and resided there for one year and three days, and then brought an action for divorce *a vinculo* upon the ground of cruel and inhuman treatment, and such proceedings were therein had that a final decree was granted on August 7, 1916. On January 3, 1918, the defendant herein was married to Stephen Herz in Philadelphia, Penn., he being a citizen and resident of that State. This action was brought in the Supreme Court of

New York, and the interlocutory and final decrees have been entered after a trial, adjudging the defendant guilty of adultery by reason of her cohabitation with Stephen Herz.

The plaintiff's attorney conceded upon the trial, and the finding of the Court of Common Pleas was that the plaintiff in that action was at the time the action was commenced a *bona fide* resident of the State of Pennsylvania; this might otherwise have been questioned. (*Barber* v. *Barber*, 21 How. [U. S.] 582, 592 *et seq.*) The constructive service of process pursuant to the laws of the State of Pennsylvania conferred jurisdiction on the court of that State to grant the decree of divorce at the instance of the wife who was then lawfully domiciled within that State, and the decree became valid and binding within that State. Although it is not valid and binding in other States, as a matter of right, under the full faith and credit clause of the Federal Constitution (Art. 4, § 1) it may be recognized in other States by comity. This State has consistently refused to recognize such a decree as binding upon a party who, at the time of the action in a foreign State, was a citizen of this State, on the ground that it was contrary to our public policy (See cases collected in *Berney* v. *Adriance*, 157 App. Div. 628, 630), and this right to refuse to give recognition has been sustained by the United States Supreme Court. (*Atherton* v. *Atherton*, 181 U. S. 155; *Haddock* v. *Haddock*, 201 id. 562; *Thompson* v. *Thompson*, 226 id. 551, 561.) We have also held that where neither of the parties to the action was a citizen of this State at the time the action was brought in the foreign State, such a judgment would be recognized as binding because this rule of public policy is enforcible only for the protection of the citizens of this State. (*Kaufman* v. *Kaufman*, 177 App. Div. 162; *Schenker* v. *Schenker*, 181 id. 621; affd., 228 N. Y. 600; *Ball* v. *Cross*, 190 App. Div. 711; *Hubbard* v. *Hubbard*, 228 N. Y. 81.) The learned counsel for the appellant construes these decisions as showing the intent of the courts to depart from the policy of the earlier cases. These later cases were not in hostility to, but in harmony with, the earlier cases and did not show any intention of changing the policy of this State. In this case the marriage which the Pennsylvania court dissolved was solemnized in this State, and this State was the only matrimonial domicile

of the parties.  The defendant in that action at all times was and still is a citizen and resident of this State.  The learned counsel also argues that we should give consideration to the fact that the second marriage of the defendant was solemnized in the State in which the decree was granted, and hence valid in that State and as a matter of public policy the courts of this State should recognize the decree obtained in that State.  To do so would destroy entirely the rule of our public policy.  It may be unfortunate for the wife, but she brought her action in Philadelphia with full knowledge of the decisions of the courts of this State, for she was advised by her New York counsel and her Philadelphia attorneys that the divorce would be recognized as valid everywhere except in the State of New York.

The judgments should be affirmed.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concur.

Judgment and interlocutory judgments affirmed.