Ida Fischer, Respondent, *v.* Arthur Fischer, Appellant.

(Argued October 13, 1930; decided November 18, 1930.)

*I. Maurice Wormser, Robert H. Elder* and *Abraham N. Davis* for appellant. It was incumbent upon plaintiff to prove that she was lawfully married to defendant in order

to entitle her to a decree of separation and maintenance. (*Jones* v. *Jones*, 108 N. Y. 415; *Brinkley* v. *Brinkley*, 50 N. Y. 184; *Collins* v. *Collins*, 80 N. Y. 1; *Warshor* v. *Warshor*, 130 Misc. Rep. 362; *Blinks* v. *Blinks*, 5 Misc. Rep. 193.) Plaintiff was never legally married to defendant. Her Nevada divorce decree was void. The courts of this State will not recognize a foreign decree of divorce when it appears that the defendant therein was a citizen of and domiciled in this State, and was not personally served in the foreign action in Nevada and did not appear therein. (*Haddock* v. *Haddock*, 178 N. Y. 557; 201 U. S. 562; *Olmsted* v. *Olmsted*, 216 U. S. 386; *Atherton* v. *Atherton*, 181 U. S. 155; *Bell* v. *Bell*, 181 U. S. 175; *Streitwolf* v. *Streitwolf*, 181 U. S. 179; *Andrews* v. *Andrews*, 188 U. S. 14; *Cross* v. *Cross*, 108 N. Y. 628; *De Meli* v. *De Meli*, 120 N. Y. 485; *Baumann* v. *Baumann*, 250 N. Y. 382; *Kaiser* v. *Kaiser*, 192 App. Div. 400; 233 N. Y. 524; *Thompson* v. *Thompson*, 89 N. J. Eq. 70; *Dumont* v. *Dumont*, 45 Atl. Rep. 107; *Knill* v. *Knill*, 119 Misc. Rep. 186.) A valid and legal marriage cannot be created by acts alleged to constitute an equitable estoppel so as to be made the basis of a separation decree. (2 Schouler Marr. & Div. [6th ed.] 1420; *Petit* v. *Petit*, 105 App. Div. 312; *Blinks* v. *Blinks*, 5 Misc. Rep. 193; 2 Bishop Marr. & Div. § 230; *Arado* v. *Arado*, 281 Ill. 123; *People* v. *Baker*, 76 N. Y. 78; *Corvin* v. *Commonwealth*, 131 Va. 649.) Defendant is not estopped from questioning the validity of the Nevada decree; he does not seek affirmative relief. (*Warshor* v. *Warshor*, 130 Misc. Rep. 262; *Durham* v. *Durham*, 99 App. Div. 450; Carmody New York Practice, § 960; *Stokes* v. *Stokes*, 198 N. Y. 301.)

*M. Michael Edelstein* for respondent. The plaintiff established a valid marriage to the defendant and the burden of proving such marriage invalid thereupon shifted to the defendant. (*Hynes* v. *McDermott*, 91 N. Y. 451; *Wilson* v. *Burnet*, 105 Misc. Rep. 279; *Price* v. *Tompkins*,

108 Misc. Rep. 263; 190 App. Div. 967; *Lazarowicz* v. *Lazarowicz*, 91 Misc. Rep. 116; *Johannassen* v. *Johannassen*, 70 Misc. Rep. 361; *Hall* v. *Hall*, 139 App. Div. 120; *Matter of Tyrrell*, 115 Misc. Rep. 714; 198 App. Div. 1001; *Matter of Biersack*, 96 Misc. Rep. 161.)   The defendant by his conduct is estopped from questioning the validity of the Nevada divorce decree.   The defendant seeks affirmative relief.   Such relief cannot be obtained in an action for separation.   (*Stokes* v. *Stokes*, 198 N. Y. 301; *Kaufman* v. *Kaufman*, 177 App. Div. 162; *Hubbard* v. *Hubbard*, 228 N. Y. 81; *Sorenson* v. *Sorenson*, 219 App. Div. 344; *Kinnier* v. *Kinnier*, 45 N. Y. 535; *Matter of Moncrief*, 235 N. Y. 390; *Ostro* v. *Ostro,* 169 App. Div. 790; *Murphy* v. *Murphy*, 194 App. Div. 395.)   Recognition of the Nevada decree does not contravene the public policy of this State.   (*Haddock* v. *Haddock*, 201 U. S. 562; *Atherton* v. *Atherton*, 181 U. S. 155; *Williamson* v. *Osenton*, 232 U. S. 619; *Dean* v. *Dean,* 241 N. Y. 240; *Hunt* v. *Hunt*, 72 N. Y. 217; *Richards* v. *Richards*, 132 Misc. Rep. 551.)

O'BRIEN, J.   At New York city, plaintiff and Bernard Dolinsky, both domiciled and resident in this State, intermarried.   Always since that time she has remained domiciled and resident in New York.   For the sole purpose of instituting an action for divorce against Dolinsky on grounds other than adultery, she went to Nevada. She intended, after the rendition of a decree, immediately to return here and consequently she never became a resident of that State.   She temporarily lived there merely to give some appearance of colorable right to maintain her action.   In her suit in the District Court at Reno based upon cruelty and neglect, Dolinsky was personally served at New York but he did not appear nor was he represented by counsel.   A decree purporting to dissolve the marriage was entered in Nevada and

plaintiff returned to New York. After the expiration of five months and during the lifetime of Dolinsky she went through the form of a marriage ceremony in New Jersey with defendant Fischer, who was and is domiciled and resident in New York. They lived together less than three months. In the present action, based upon desertion, she has recovered judgment against him for separation and alimony which has been unanimously affirmed. Appeal is by permission of this court.

The invalidity of the Nevada decree is not open to doubt in this State (*Atherton* v. *Atherton*, 181 U. S. 155; *Haddock* v. *Haddock*, 201 U. S. 562; *Olmsted* v. *Olmsted*, 216 U. S. 386; *Baumann* v. *Baumann*, 250 N. Y. 382; Bishop on Marriage, Divorce and Separation, vol. 2, § 102) and the courts below have not otherwise decided. The theory upon which plaintiff has succeeded rests upon a supposed resemblance in principle to *Kaufman* v. *Kaufman* (177 App. Div. 162) and upon the judicial declaration that defendant is estopped from assailing the validity of the foreign judgment. The judgment in the *Kaufman* case never was reviewed by this court. In *Hubbard* v. *Hubbard* (228 N. Y. 81) it was cited on the briefs but was not mentioned in the opinion. Even if approval of its doctrine were to be assumed, its essential facts are so unlike these at bar as to prevent the application of the rule. There the New York citizenship and residence of the first husband were unproved. Also the complaint in that action by the second husband for an annulment demanded affirmative relief. Here defendant does not come into court with demand for affirmative relief. He merely alleges plaintiff's marriage with Dolinsky, denies plaintiff's allegation concerning his own marriage with her and puts her to her proof to show that such allegation is correct. In every action for separation the primary fact to be proved is an existing marriage between the parties. (*Jones* v. *Jones*, 108 N. Y. 415.) By way of reply plaintiff admitted her former marriage

and set up the Nevada decree of divorce by a court which she alleged to have jurisdiction of the persons of the parties. That allegation has been disproved and the marriage which she asserted as existing between herself and defendant is not such a one as is recognized by the law of this State.

*Hubbard* v. *Hubbard* (*supra*) does not help plaintiff. There the husband asked for affirmative relief in his demand for an annulment of a marriage which had been performed in North Dakota between parties both domiciled in Massachusetts. That marriage was valid under the law of Massachusetts. The wife while a resident of Pennsylvania had previously married a resident of that State and obtained a decree of divorce in Massachusetts. She and her former husband did not at any time as husband and wife reside here and he was no longer living when the annulment action by Hubbard was begun. The State of New York was not a party to any of the marital transactions of those parties and we held that the public policy of this State does not require the establishment of a forum for the resort of parties to a marriage which is valid in the State where they were domiciled when it was performed.

The judgment of the Appellate Division and that of the Special Term should be reversed and the complaint dismissed.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and HUBBS, JJ., concur.

Judgments reversed, etc.