ANNA MARIE SCHEIN, Plaintiff, *v.* HARRY L. SCHEIN, Defendant.

Supreme Court, Special Term, New York County, November 29, 1938.

*Russel, Shevlin & Russel,* for the plaintiff.

*L. Daniel Danziger,* for the defendant.

COLLINS, J. In opposing the plaintiff's application for temporary alimony and counsel fee, the defendant challenges the validity of the marriage, asserting that when he married the plaintiff she had a husband living (Everard W. Williams) from whom she was not legally divorced.

The plaintiff, though she and Williams were both residents of New York, obtained a divorce from Williams in Illinois, effecting service by publication. That the Illinois decree, thus obtained, is not binding in New York is settled by a uniform line of decisions. (*Atherton* v. *Atherton*, 181 U. S. 155; *Haddock* v. *Haddock*, 201 id. 562; *Fischer* v. *Fischer*, 254 N. Y. 463; *Lefferts* v. *Lefferts*, 263 id. 131.)

The plaintiff does not seriously resist the defendant's attack on the Illinois decree, but urges that the defendant should be estopped from advancing such invalidity as a defense hereto because, she charges, he, as a lawyer, and with knowledge of the facts, advised the plaintiff to seek the Illinois divorce and assured her that the divorce there obtained would be operative in New York. Her Illinois attorney, she says, was recommended to her by the defendant or his law firm.

I am satisfied that the defendant knew something of the plaintiff's plan to procure a divorce in Illinois. The extent of such knowledge, and just how actively he participated in its execution, does not clearly appear in the papers.

Were the defendant seeking affirmative relief I would be inclined to deny it. But he is defending, not prosecuting. And were this a matter of chivalry I would be disposed to censure the defendant's conduct in asserting the invalidity of the Illinois divorce after his marriage to the plaintiff with knowledge of the circumstances attending the divorce and after living with her as husband and wife for about seven years. But the concern here is with the law and not with the proper conduct that befits a gentleman. The case is controlled by rules of law, not those of knighthood.

The plaintiff's claim to relief must rest upon a valid marriage. " In every action for separation the primary fact to be proved is an existing marriage between the parties." (*Fischer* v. *Fischer*, *supra*.) " It is an established rule that the existence of the marital relation must be either admitted, or if denied that there must be proof of it satisfactory to the court, to authorize the allowance of alimony." (*Collins* v. *Collins*, 80 N. Y. 1; *Durham* v. *Durham*, 99 App. Div. 450.)

A valid marriage with the defendant presupposes a valid divorce from Williams. Can a valid marriage derive from estoppel? The cases hold not. (*Fischer* v. *Fischer*, *supra; Lefferts* v. *Lefferts*,

*supra.*) In *Stevens* v. *Stevens* (273 N. Y. 157) it was appositely said: " Here the court was invoked to pronounce judgment directly upon the marital status — a relationship which no stipulation or conduct of the parties could alter (Domestic Relations Law [Cons. Laws, ch. 14], § 51. See *Fearon* v. *Treanor*, 272 N. Y. 268)."

The cases leaned upon by the plaintiff do not elasticize the doctrine of equitable estoppel to reach this situation.

The conclusion is inescapable that there is missing from the plaintiff's proofs the necessary element of probability of success at the trial. It may be that the trial will disclose facts robust and commanding enough to swerve the case from the rule and to establish a precedent. But no estoppel derives from the papers before me. This result, to be sure, permits the defendant to profit by his own wrong. Unfortunately, however, the law as presently fixed forbids a contrary holding.

Not even the circumstance that the marriage might have been valid in Connecticut, where performed, would seem to avail the plaintiff in New York. (*Kaiser* v. *Kaiser*, 192 App. Div. 400; affd., 233 N. Y. 524.)

It follows that the plaintiff's motion must be and it is denied.