ISIDORE HELLER, Plaintiff, *v.* HENRIETTA HELLER or RAIDMAN, Defendant.

Supreme Court, Trial Term, Kings County, October 23, 1939.

*Harry S. Samuels,* for the plaintiff.

*Benjamin Bag,* for the defendant.

*Harry H. Schutte,* special guardian for the infant.

WENZEL, J.   This is an action for an annulment brought by the husband on the ground that at the time he married the defendant she had another husband living.   The following facts are established: The defendant on July 28, 1923, in the city of New York married one Raidman; thereafter on July 8, 1924, in a contested separation action in this State a decree of separation was awarded to the defendant in this suit.   After her separation this defendant lived first in New Jersey, then in California and on July 5, 1927, arrived at Reno where she found employment and established a

residence. On October 6, 1927, she commenced a divorce proceeding against her husband (Raidman) for failure to support and on the 29th day of December, 1927, the Nevada courts granted her a decree of divorce. Process was served in this action by publication. In March of 1928 this defendant returned to New York, where she continued to live for some eight or nine years. On January 10, 1937, at Miami, Fla., whence the defendant had been sent to represent the New York firm by whom she was employed, this defendant and this plaintiff were married, and returned thereafter to New York, where they have since been resident.

Under our law, too well established to require citation, the husband has the right to determine the matrimonial domicile. Having established it he has also the right to change it and the law places upon the wife the duty of dwelling with her husband at such place as he shall decide. Of course, it has been properly held that where a husband refuses to take his wife with him or abandons her or casts her off, the domicile remains where it was last established and his abandonment of his wife does not create a new domicile in that place to which he has gone. The wife is then free to establish her own domicile and until such time as the husband invites her to return to him it may also be the matrimonial domicile. Here there was a separation action. The domicile of the marriage in that action was fixed as the State of New York. By the decree of this court there was thereafter no duty on the part of the wife to live with the husband and no duty on the part of the husband toward his wife except to pay the alimony awarded her. Neither party could thereafter change the marital domicile. It remained in New York State in a condition of suspension. The parties it is true could by again cohabiting establish a new matrimonial domicile, but unless and until they did so the domicile remained in the State of New York. The doves had flown but the cote remained.

This court finds as a matter of fact that the defendant had established à *bona fide* residence in the State of Nevada at the time she obtained her decree from that court. However, since the matrimonial domicile was not in the State of Nevada, the court there had no jurisdiction of the *res*, and since there was no personal service of process on the defendant in that action, it had no jurisdiction over him, and its decree is not such a one as is entitled to full faith and credit under the Constitution, but may be recognized under the general principles of comity and State policy. (*Kaufman* v. *Kaufman*, 177 App. Div. 162.)

There remains then only the question of the good faith of the plaintiff herein, and whether he, since discovery of the true state of affairs, has so conducted himself as to be entitled to equitable relief

or whether he comes into this court with unclean hands. The court finds as fact that since the plaintiff in this action has become cognizant of the true status of his wife's marriage and divorce, he has continued to cohabit with her as man and wife. He is " not at liberty to play fast and loose with the defendant " and is now estopped from attacking the relationship, the privileges of which he continued to enjoy after allegedly coming to the conclusion that the said relationship was illegal and void.

Complaint dismissed.