SHIRLEY HONIG, Plaintiff, *v.* WILLIAM HONIG, Defendant.

Supreme Court, Trial Term, Kings County, June 18, 1943.

*Heller & Heller* for plaintiff.

*Aaron Flissing* for defendant.

F. E. JOHNSON, J. In this separation suit the wife is met by the defense that her marriage to the defendant was not valid, the claim being that she has not yet obtained a valid divorce from her first husband and that her marriage to the defendant, after she obtained the foreign decree, was void so her action must fail; the defendant does not seek affirmative judgment but offers the facts as a defense.

The burden of proof being on the plaintiff to show that she and the defendant were validly married, she offered her marriage certificate; defendant then gave evidence of the suit she had brought in Nevada, prior to this second marriage, out of which action came a decree divorcing her from her first husband; defendant claims upon this proof (1) that she was never a legal resident of Nevada and (2) that no jurisdiction was acquired over her first husband in that action. Before plaintiff went to Reno the defendant, who was then courting her, not only knew that she could not obtain a divorce in this State but he was helpful in facilitating her trip to Nevada and it can be inferred that he helped to finance her suit. A few days after the divorce was granted she returned to Brooklyn; he told her that they must be married in New Jersey; it is evident that he knew that her decree was invalid and that he had persuaded her to go through the futile gesture of a Nevada suit in order to make possible a New Jersey marriage with him. The facts as to domicile in *Heller* v. *Heller* (172. Misc. 875) were substantially different from the proof here; if his proof is taken, plaintiff has not proved that she was domiciled in Nevada at any time nor that the

form of service on her husband gave the foreign court jurisdiction of him.

There are two children of this second marriage. It is not too much to say that under the circumstances here defendant's conduct in urging this defense is despicable; if equitable considerations can be applied here, an estoppel should be invoked against the defense interposed. The decisions seem to permit the estoppel of defendant to use the void decree as a defense because of his share of responsibility for it.

In *Krause* v. *Krause* (282 N. Y. 355 [1940]) the husband was estopped to obtain the benefit of his own wrongful acts; he sought to show invalidity of the plaintiff's marriage to him by proving the legal futility of his own efforts to validly divorce his. prior wife. If he illegally obtained a decree, in reliance upon which plaintiff married him, he was held estopped to use that invalidity to his own benefit. In *Kaufman* v. *Kaufman* (177 App. Div. 162) the husband's share in procuring his wife's invalid divorce from her first husband was held to bar him from using that invalidity against her to deprive her of rights under his own marriage to her. The alleged questioning of the *Kaufman* case in *Fischer* v. *Fischer* (254 N. Y. 463 [1930]) should be read in the light of the failure of that or any other court in later cases to suggest that *Kaufman* was not properly decided.

In *Oldham* v. *Oldham* (174 Misc. 22 [1940]) the defendant husband was barred from attacking his wife's prior divorce because of his share in procuring it; McLAUGHLIN, J., relied upon *Kaufman* v. *Kaufman* (*supra*) and held that the theory underlying that case and *Krause* v. *Krause* (*supra*) was that one is estopped from benefiting from the attack upon a situation to the creation of which he was a party. In *Maloney* v. *Maloney* (262 App. Div. 936, affd. 288 N. Y. 532) the husband was allowed to show the invalidity of the plaintiff wife's prior divorce because he had no share in procuring it. In *Hunter* v. *Hunter* (24 N. Y. S. 2d 76) a party was estopped to benefit from an attack upon a legal status which she had procured; similarly in *Mintz* v. *Mintz* (34 N. Y. S. 2d 242) the Special Term, relying on the *Krause* case, estopped a party to use for his own present benefit a legal result he had procured which was contrary to the position he was now seeking to take. *Fischer* v. *Fischer* (254 N. Y. 463) does not prevent invoking such an estoppel; there the defendant husband was wholly unconnected with the wife's prior invalid divorce, and apparently had not known her before she returned to New York with her Nevada decree; no estoppel against proving his defense that she was still married to her first husband could reasonably be invoked.

A doubt of the power to apply an equitable estoppel may be caused by the decision of our Appellate Division in *Slater* v. *Kenny* (265 App. Div. 963) wherein a judgment against the plaintiff husband based upon the trial court's invocation of an equitable estoppel was reversed on the authority of *Davis* v. *Davis* (279 N. Y. 657). However, it was not stated upon the reversal that equitable considerations cannot apply against a party setting up the invalidity of the marriage that he had induced.

In the *Slater* case no question of a foreign decree was involved; in the *Davis* case a foreign decree was involved. The *Davis* marriage seems to have been in good faith on both sides; the suing husband had married her upon the strength of the opinion of the Legal Aid Society that she had a valid foreign decree and was free to marry, so his good faith was such that an estoppel against him to plead the invalidity of that marriage would have been unjust; the Appellate Division affirmed, without opinion, by a divided court, without suggesting that an estoppel could not have been invoked; the Court of Appeals affirmed, without opinion.

The unreported opinion of COTILLO, J., indicates that he did not think, upon the facts, that Mrs. Davis' equitable defense of estoppel should be entertained and refused to apply it. Neither in that Special Term opinion, nor in any of the appeal briefs was it claimed that an equitable estoppel cannot be invoked against one who is attacking his marriage; Davis succeeded because the court refused, upon the facts, to invoke the doctrine of estoppel.

The defendant is estopped to attack plaintiff's Nevada decree, and his defense is dismissed.

The trial of the pending action did not go beyond the question here discussed; it will be resumed for all other purposes on June 24, 1943, at 10 A. M., in Trial Term, Part III, Queens County, at the Court House in Jamaica.