MARION JOHNSON, Appellant and Respondent, *v.* HERBERT JOHNSON, Respondent and Appellant.

Argued June 3, 1946; decided July 23, 1946.

*Gilbert J. Fortgang* and *Milton Solomon* for plaintiff, appellant and respondent. I. The defendant did not sustain his

burden of proof that plaintiff's alleged prior marriage was valid and in effect at the time defendant married her. (*Fisher v. Fisher*, 250 N. Y. 313; *Matter of Dugro*, 261 App. Div. 236, 287 N. Y. 595; *Hansen v. Hansen*, 255 App. Div. 1016.) II. The alleged marriage between plaintiff and another was void and a nullity. (*McCullen v. McCullen*, 162 App. Div. 599; *Earle v. Earle*, 141 App. Div. 611; *Berry v. Berry*, 130 App. Div. 53; *di Lorenzo v. di Lorenzo*, 174 N. Y. 467; *Davis v. Davis*, 119 Conn. 194.) III. Defendant should be held estopped both to plead the invalidity of his marriage to the plaintiff, and to obtain affirmative relief on his counterclaim for an annulment. (*Stokes v. Stokes*, 198 N. Y. 301; *Johannessen v. Johannessen*, 70 Misc. 361; *Heller v. Heller*, 172 Misc. 875, 259 App. Div. 852, 285 N. Y. 572.) IV. In any event, that part of the order of the Appellate Division, affirming the award to plaintiff wife of alimony and support of the infant child of the parties, should be affirmed. (Civ. Prac. Act, § 1140-a.)

*Michael D. Lieberman* for defendant, respondent and appellant. I. The law and the evidence sustain the Appellate Division's finding that plaintiff's marriage to another was a valid and subsisting marriage at the time she married the defendant. (*Cervone v. Cervone*, 155 Misc. 543; *Matter of Hinman*, 147 App. Div. 452; *Stokes v. Stokes*, 198 N. Y. 301; *Waddey v. Waddey*, 290 N. Y. 251; *Erkenbrach v. Erkenbrach*, 96 N. Y. 456; *Shonfeld v. Shonfeld*, 260 N. Y. 477; *Fearon v. Treanor*, 272 N. Y. 268.) II. Section 1140-a of the Civil Practice Act must be read in the light of the familiar law that recovery may not be had by a person whose criminal act is the basis of his asserted cause; there is nothing in the language of the statute to indicate that the Legislature intended to interfere with the rule that one may not profit from his own wrongdoing. (*Riggs v. Palmer*, 115 N. Y. 506; *Morgan v. Hedstrom*, 164 N. Y. 224; *Watts v. Malatesta*, 262 N. Y. 80; *Edison El. Illuminating Co. v. Frick Co.*, 221 N. Y. 1; *Holy Trinity Church v. United States*, 143 U. S. 457.)

FULD, J. The Appellate Division, modifying the judgment of the trial court, has dismissed plaintiff wife's complaint for a separation, granted defendant husband judgment on his counterclaim for annulment, and affirmed an award of $100 a

week for the support of plaintiff and the child of the parties. The weight of the evidence clearly establishes that plaintiff's prior marriage was still in existence, her first husband still living at the time of her marriage to defendant. Accordingly, the separation was properly denied, the annulment properly granted.

There remains one question upon which this court has not previously passed — is the wife in such a situation as the present entitled to permanent alimony under section 1140-a of the Civil Practice Act. Provision for support of the minor child of the parties is not here in issue, as defendant expressly requests such provision to be made; indeed, under section 1140 of the Act, the court "must give such direction [therefor] * * * as justice requires."

Section 1140-a of the Civil Practice Act provides: "*Maintenance and support of wife in action for annulment of marriage or to declare the nullity of a void marriage.* When an action is brought to annul a marriage or to declare the nullity of a void marriage, the court may give such direction for support of the wife by the husband as justice requires. Such direction may be made in the final judgment in such action, or by one or more orders from time to time before final judgment. Upon the application of either the husband or the wife, upon notice to be given as the court shall direct, the court may annul or modify such direction, or in case no such direction shall have been made, in a judgment hereafter given, may amend it by inserting such direction. This section shall apply to any action brought by either the husband or the wife or by any other person in the lifetime of both parties to the marriage."

Upon its face, the statute clearly applies to the case at bar. Defendant, however, relying upon the language of the report of the Law Revision Commission (1940 Report of N. Y. Law Revision Commission, p. 237 [Legis. Doc. 1940]), contends that the Legislature intended the statute to apply only against a bigamist husband. This contention strikes us as both unsound and unreasonable.

True enough, the prime evil which the commission sought to remedy was the unhappy plight of the innocent wife married to a bigamist husband; under the law as it then existed, she could terminate this undesirable and illegal relationship only

at the cost of relinquishing all claim to support, while the offending husband could, at his pleasure, avail himself of the invalidity of a marriage — void because of his own misdeed — and slough off the financial responsibilities which he had voluntarily assumed. Nevertheless, the commission obviously did not desire to restrict the application of the statute to that situation alone, for the very language employed — " When an action is brought *to annul a marriage or to declare the nullity of a void marriage* " — demonstrates unequivocally an intent to embrace all the situations in which the Domestic Relations Law (§§ 5, 6, 7) declares a marriage to be void or voidable. Necessarily, then, the statute covers invalidity for a host of reasons besides bigamy — for instance, nonage, fraud, incapacity, insanity, incest.

Moreover, the statute is not, by its terms, limited to cases where the wife is the innocent party; such a limitation would certainly be most unreasonable and unjust, for example, in the case where the marriage is voided because of the wife's insanity. (Cf. *Bancroft* v. *Bancroft,* 288 N. Y. 323.) To escape such a result, the draftsmen and the Legislature eschewed the rigidity of a mandatory " direction for support " subject to an iron-clad limitation. Instead, they left it to the court's own discretion in all cases, granting the court power to " give such direction * * * as justice requires."

Phrased in general fashion, the provision is sufficiently broad to cover such a case as the present, and direction for support of the wife on the record before us cannot be said to have been an abuse of discretion.

The judgment should be affirmed, without costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND and THACHER, JJ., concur; DYE, J., taking no part.

Judgment affirmed.