M. Henry Martuscello, J.
Plaintiff wife, having with the permission of this court instituted an action for an annulment of marriage based upon defendant husband’s incurable insanity for more than five years past (Domestic Delations Law, § 7, subd. 5), moves for an order allowing her a counsel fee payable out of the funds of the defendant incompetent’s estate and also directing that the fees of the three examining physicians and the special guardian, upon being fixed by the trial court, be paid out of the defendant’s estate.
Jurisdiction over the person and the property of the defendant has been acquired; and his interests are being protected herein by a court-appointed special guardian and by the Attorney-General of the State of New York.
The defendant has been confined to a State hospital since 1952; and it appears that he has a history of prior confinements going back as far as 1938. The assets of his estate presently total approximately $1,600 or $1,700 in cash and there is added thereto each month about $25 derived from a pension after the payment of charges, including $60 monthly for the support and maintenance of the issue of the parties.
Plaintiff is presently employed and earns $48 weekly and she avers that said sum is barely sufficient to support herself and her two children and that she is otherwise without financial means to pay her attorney or any other expenses to be incurred in the prosecution of this action.
The Attorney-General opposes this motion, contending that the granting thereof is unauthorized and would constitute an ‘1 improper invasion of the incompetent’s estate”; and, moreover, it would be unjust and harsh to burden the defendant with the expenses of an action based on his unfortunate condition over which he had no control.
In Matter of Micale (14 N. Y. S. 2d 321) a plaintiff wife was denied counsel fees and other expenses sought in an action brought to dissolve her marriage on the ground of her husband’s incurable insanity. Said decision was in accord with the law that prevailed at the time of its rendition in 1939.
Prior to 1940 there was no statute expressly conferring authority for the granting of alimony and counsel fee in an annulment action, but authority over those matters was nevertheless assumed as an incidental power of the court’s jurisdic *90 tion and the exercise thereof was governed by principles of equity. Accordingly, alimony and counsel fees were granted to a wife asserting and defending the validity of her marriage (Griffin v. Griffin, 47 N. Y. 134; Higgins v. Sharp, 164 N. Y. 4) and, on the other hand, were denied to a plaintiff wife on the ground that it would be inequitable for her to seek support from the man she claimed was not her legal husband, or, in case of a voidable marriage, to claim a benefit under a contract which she elected to rescind (Jones v. Brinsmade, 183 N. Y. 258).
Chapter 226 of the Laws of 1940 added section 1140-a to the Civil Practice Act, thereby authorizing the granting of alimony in any annulment action, and amended section 1169 thereof to include an annulment action as one of the actions wherein the court in its discretion may make an order pendente lite requiring the husband to pay any sum of money necessary to enable the wife to carry on or defend said action. And it would appear that by virtue of this legislative enactment the right to alimony or counsel fees in an annulment action is not necessarily regulated by the equitable principles that were formerly applied. Thus, alimony is allowable under section 1140-a to a wife whose marriage is annulled because of her legal incapacity to enter into same (Johnson v. Johnson, 295 N. Y. 477; Weis v. Weis, 202 Misc 101); and counsel fees can be granted under section 1169 to a defendant wife in a divorce or separation action where she sets up as a defense thereto a foreign divorce decree obtained by her. (Marcus v. Marcus, 274 App. Div. 805; Marinelli v. Marinelli, 280 App. Div. 997; Klosner v. Klosner, 1 A D 2d 204.)
While the aforesaid cases are not directly in point, it seems to me that they are otherwise accessible as authority for granting the relief sought herein, notwithstanding the apparent harshness thereof in view of the defendant’s condition and absence of fault. But absence of fault is not a determinant factor on this motion since the action herein is predicated on the defendant’s mental condition and not on any course of conduct on his part. And defendant’s mental condition, if proved upon the trial to be as is claimed, entitles plaintiff to an annulment. She having-shown that there is a probability of her succeeding upon the trial and that she is without financial means necessary to attain that end, I perceive no legal reason under section 1169 why defendant’s situation, unfortunate as it may be, requires that the plaintiff be relegated to a position inferior to that of a wife whose marriage is annulled because of her fault or that of a wife who denies the existence of an alleged marriage status.
The motion is granted and a counsel fee is allowed in the sum of $200, without prejudice to applying upon the trial for a *91 further counsel fee if warranted. One half of said fee is to be paid within 20 days after the entry of the order herein and the remainder when the ease first appears on calendar for trial. Fees of the examining physicians and of the special guardian are to be paid out of the defendant’s estate, the amounts thereof to be fixed by the Trial Justice.
Settle order on notice.