Benjamin Brenner, J.
The plaintiff wife sought a decree of divorce based on the defendant’s adultery hut abandoned that cause when, during trial, it developed that she had been incompetent to marry him before her interlocutory decree of divorce against her former living husband had become final. Thereupon both parties sought and received permission from the court to prove plaintiff’s said impediment to her marriage as a basis for a declaration of its nullity. The defendant, however, did not abandon his original cause set out by him in his counterclaim, that this marriage was also void because it was entered into by him while his own former marriage to his then living wife was valid and subsisting.
The parties have amply established the nullity of their marriage because of their individual legal incapacity. Thus either or both of them are entitled to judgment declaring it to be void. As both have come forward with affirmative evidence establishing their separate causes, they are both entitled to the entry of judgment, but without costs or disbursements to either of them.
It is plaintiff’s testimony that she was unaware of both impedí *60 ments and that she entered into this marriage in good faith, believing herself free to do so and this testimony is worthy of belief. In the case of the defendant, however, it is clear that he was aware of his own impediment to the marriage. In these circumstances, particularly since section 1140-a of the Civil Practice Act permits support to a wife whose marriage is annulled and presupposes an invalid marriage entered into with moral innocence though legal guilt (Johnson v. Johnson, 295 N. Y. 477; 1940 Report of N. Y. Law Rev. Comm. [N. Y. Legis. Doc., 1940, No. 65], p. 245), the plaintiff is entitled to support as well as payment of the balance of alimony pendente lite.
Let judgment be entered accordingly providing for payment in the sum of $15 weekly for the support of the child and $12 weekly for the support of the plaintiff, from the date of the entry of the decree, an additional counsel fee of $150 to her attorney, payable within 10 days from date of entry of the decree, and the sum of $500 stipulated to be the balance due for unpaid alimony pendente lite, which latter sum shall be paid in installments of $100 monthly beginning 30 days from the date of entry of the decree. Custody of the adopted child is awarded to the plaintiff with reasonable visitation to the defendant as may be stipulated between them, and failing such stipulation the court will set out such visitation in the decree. Any and all claims between the parties involving the moneys due and payable for the maintenance of the premises owned by them is referred to an Official Referee to hear and determine, as agreed upon in the record.