**Beatrice FONTANA, Plaintiff,**

v.

**John J. CALLAHAN, Commissioner of Social Security Administration, Defendant.**

**No. 96 CV 3886.**

United States District Court, E.D. New York.

March 27, 1998.

Binder & Binder (Charles E. Binder, of counsel), Happauge, NY, for Plaintiff.

Zachary W. Carter, U.S. Atty. (Tracey Salmon Smith, of counsel), Eastern District of New York, Brooklyn, NY, for Defendant.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiff Beatrice Fontana, by her attorney, brought this action pursuant to 42 U.S.C. § 405(g) to review a final decision of the defendant Commissioner of Social Security that she is not entitled to wife's insurance benefits as a divorced spouse under the Social Security Act.

### I

On June 7, 1993· plaintiff filed an application for wife's insurance benefits as a divorced spouse based on the earnings records of John Fontana. The Commissioner denied this application initially and on reconsideration.

Plaintiff then requested a hearing, which was held on April 11, 1995. In a decision dated February 22, 1996, the Administrative Law Judge determined that plaintiff was entitled to wife's insurance benefits as a divorced spouse based on her marriage to John Fontana. The Appeals Council notified plaintiff on April 12, 1996 that it intended to conduct a review of this decision on its own motion. On June 7, 1996 the Appeals Council vacated the judgment of the Administrative Law Judge, holding that plaintiff was not entitled to wife's insurance benefits as the divorced or deemed wife of John Fontana. This action followed.

### II

The Administrative Law Judge made the following formal findings.

Plaintiff and John Fontana were wed on February 22, 1961 in Stamford, Connecticut, a second marriage for both. John had obtained a Mexican judgment of divorce from his first marriage to Dora Fontana on December 30, 1960. Plaintiff believed this divorce to be valid. John Fontana and the plaintiff lived together as husband and wife for 27 years.

In 1988 plaintiff left John Fontana, and filed for divorce on August 11, 1988. At the divorce hearing, Dora Fontana appeared and testified on behalf of John Fontana that she was never served with a copy of the Mexican divorce papers from 1960. The New York State Supreme Court, Nassau County, annulled the marriage between plaintiff and John on October 4, 1991. Dora was granted a divorce in June 1990. On June 7, 1993 plaintiff filed the application for wife's insurance benefits.

### III

This case presents an issue of law not yet addressed by courts in this circuit. Plaintiff argues that she is eligible for wife's insurance benefits under the Social Security Act as a divorced "deemed" wife.

Plaintiff's eligibility for wife's benefits is governed by 42 U.S.C.A. § 402, which provides that a "wife" or "divorced wife" of an individual entitled to disability insurance benefits shall also be entitled to those benefits if she:

(A) has filed application for wife's insurance benefits,

(B) has attained age 62 . . . ,

(C) in the case of a divorced wife, is not married, and

(D) is not entitled to old-age or disability insurance benefits.

The Commissioner argues that plaintiff is not a "divorced wife" for purposes of the Social Security Act.

Under 20 C.F.R. § 404.331, an applicant is entitled to wife's benefits as a divorced wife of an insured person if the applicant was married to the insured under State law as described in § 404.345 or was deemed to be validly married as described in § 404.346. Section 404.345 provides:

To decide your relationship as the insured's wife or husband, we look to the laws of the State where the insured had a permanent home when you applied for wife's or husband's benefits. . . . If you and the insured were validly married under

State law at the time you apply for wife's or husband's benefits or at the time the insured died if you apply for widow's, widower's, mother's, or father's benefits, the relationship requirement will be met.

John Fontana was domiciled in New York at the time that plaintiff filed her application. Under N.Y. Dom. Rel. Law § 6, a marriage is void if entered into by a person who was never divorced from his previous spouse. John Fontana's Mexican divorce from Dora Fontana is not valid in New York because it was obtained without personal service of Dora Fontana. *See Rosenstiel v. Rosenstiel,* 16 N.Y.2d 64, 262 N.Y.S.2d 86, 209 N.E.2d 709 (Ct.App.1965). Consequently, plaintiff and John Fontana were not validly married under New York state law. In recognition of this, the New York State Supreme Court granted plaintiff an annulment, rather than a divorce, to dissolve plaintiff's relationship with John Fontana.

■ Even if a claimant cannot establish a valid marriage under state law, she may still be entitled to wife's benefits based upon a "deemed valid marriage." Under 20 C.F.R. § 404.346, a claimant is deemed to have been a wife if:

in good faith, you went through a marriage ceremony with the insured that would have resulted in a valid marriage except for a legal impediment. A legal impediment includes only an impediment which results because a previous marriage had not ended at the time of the ceremony or because there was a defect in the procedure followed in connection with the intended marriage.... Good faith means that at the time of the ceremony you did not know that a legal impediment existed, or if you did know, you thought that it would not prevent a valid marriage.

This provision tracks the language of 42 U.S.C. § 416(h)(1)(B)(i), which provides that: [when an] applicant is not the wife, divorced wife, widow, surviving divorced wife, husband, divorced husband, widower, or surviving divorced husband of [the insured], but it is established ... that such applicant in good faith went through a marriage ceremony with such individual resulting in a purported marriage between

them which, but for a legal impediment not known to the applicant at the time of such ceremony, would have been a valid marriage, then ... such purported marriage shall be deemed to be a valid marriage.

Plaintiff's marriage to John Fontana would have been valid but for his prior marriage to Dora Fontana. The Administrative Law Judge determined that plaintiff went through a marriage ceremony with John Fontana in good faith, and the evidence in the record supports this conclusion.

## IV

Section 416(h)(1)(B)(i) of Title 42 goes on to provide that:

[I]n the case of any person who would be deemed ... a wife, widow, husband, or widower of the insured individual, such marriage shall not be deemed to be a valid marriage unless the applicant and the insured individual were living in the same household at the time of the death of the insured individual or (if the insured individual is living) at the time the applicant files the application.

Similarly, 20 C.F.R. § 404.346 states that: "To be entitled to benefits as a wife, husband, widow, or widower as the result of a deemed valid marriage, you and the insured must have been living in the same household ... at the time you apply for benefits." The Commissioner argues that these provisions require plaintiff to have been living with John Fontana when she applied for benefits.

■ This argument is without merit. The provisions relied on by the Commissioner apply only to applicants who would be entitled to benefits as a "wife, husband, widow, or widower," not as a divorced spouse. Both Title 42 and the C.F.R. distinguish applicants who are entitled to "wife's or husband's benefits as a divorced spouse" from applicants who are entitled to wife's, husband's, widow's, or widower's benefits. *See, e.g.,* 20 C.F.R. § 404.330—404.335; 42 U.S.C. § 416(a)-(h). A divorced spouse need not reside with her ex-husband at the time that she applies for benefits in order to receive these benefits. The Commissioner's argu-

ment would beget absurd results not comprehended by the statute.

## V

■ The Commissioner contends that plaintiff is not a divorced spouse because she was not granted a proper divorce, but only an annulment. A "divorce" is defined in 42 U.S.C. § 416 as "a divorce a vinculo matrimonii," that is, a decree that effects a complete dissolution of the marriage contract. Black's Law Dictionary 136 (6th ed.1990). The annulment of plaintiff's union with John Fontana completely dissolved their contract of marriage.

■ The Code of Federal Regulations considers the situation of an ex-spouse from a deemed valid marriage that is void "because a previous marriage had not ended at the time of the ceremony," 20 C.F.R. § 404.346, and provides that such a person can qualify for benefits as a divorced spouse. 20 C.F.R. § 404.331(a)(1). Under New York law, a union void because a previous marriage has not ended at the time of the ceremony is dissolved through annulment. *See, e.g., Jacobson v. Jacobson*, 36 Misc.2d 59, 232 N.Y.S.2d 467 (1962); N.Y. Dom. Rel. Law § 6. The Commissioner's cramped definition of "divorce" would prohibit a spouse divorced from a deemed marriage in New York from applying for divorced wife's benefits, while permitting those benefits to an applicant whose former spouse resides in a state that dissolves bigamous unions through divorce rather than annulment. If every state followed New York's lead and required bigamous marriages to terminate in annulment, then under the Commissioner's definition of divorce no "deemed" wife would be able to utilize the provisions permitting divorced spouses from deemed marriages to receive benefits, rendering those provisions meaningless. The Commissioner's reading eviscerates the statute.

The conclusion that an annulment is equivalent to a divorce for purposes of the Social Security Act is supported by 20 C.F.R. § 404.728, which describes how an applicant must prove that her marriage has ended. The Code of Federal Regulations considers "a copy of the decree of ... annulment" evidence that a marriage has ended for the purposes of determining whether an applicant is entitled to divorced spouse's benefits.

## VI

Finally, the legislative history of the Social Security Act supports this Court's conclusion that a deemed wife can be entitled to wife's benefits as a divorced spouse.

For 27 years plaintiff believed herself to be married to John Fontana. In that time she never worked outside the home, and as a result, has not built up a social security earnings record of her own. The 1965 amendments to the Social Security Act, Pub.L. 89–97, 79 Stat. 375–379, first permitted divorced women to receive wife's and widow's benefits out of concern for women in exactly the plaintiff's position:

> It is not uncommon for a marriage to end in divorce after many years, when the wife is too old to build up a substantial social security earnings record even if she can find a job .... These changes would provide protection mainly for women who have spent their lives in marriages that are dissolved when they are far along in years—especially housewives who have not been able to work and earn social security benefit protection of their own—from loss of benefit rights.

1965 U.S.C.C.A.N. 1943, 2047–48.

In 1990 Congress amended 42 U.S.C. § 416 to permit a narrow category of "deemed" spouses—those who went through a marriage ceremony in good faith which, but for a legal impediment not known to the applicant, would have been valid—to collect benefits as if they were legal spouses. Pub.L. 101–508, § 5119, 104 Stat. 1388, 1388–280. House Conference Report No. 101–964 explained that the law extends to a deemed divorce spouse:

> A deemed spouse who divorced the worker would be eligible for benefits on the same basis as if he or she were a divorced legal spouse.

1990 U.S.C.C.A.N. 2374, 2650. Plaintiff is just such a spouse.

## VII

This Court finds that a divorced spouse from a deemed valid marriage whose marriage was ended by annulment is eligible for wife's insurance benefits as a divorced spouse under the Social Security Act.

The case is remanded for further proceedings consistent with this memorandum and order.

So ordered.